**MONCURE v. ATLANTIC LIFE INS. CO.**

No. 2995.

Circuit Court of Appeals, Fourth Circuit.

Oct. 21, 1930.

Edward H. Horton, Atty., Bureau of Internal Revenue, of Washington, D. C. (Paul W. Kear, U. S. Atty., of Norfolk, Va., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

Andrew D. Christian, of Richmond, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PER CURIAM.

■ This is an appeal in an action at law instituted in the court below to recover excess profits taxes assessed and collected for the calendar year 1917 from the Atlantic Life Insurance Company. That company is a stock life insurance company doing business on the level premium plan and issuing both participating and non-participating policies. It is required by law to maintain a reserve of assets for the protection of its policy holders; and the sole question involved is whether this legal reserve should be included in invested capital in the computation of its excess profits tax. We agree with the learned judge below that the case is controlled by the decision of the Supreme Court in Duffy v. Mutual Benefit Life Insurance Co., 272 U. S. 613, 47 S. Ct. 205, 71 L. Ed. 439, and cannot be distinguished on the ground that the company there was a purely mutual company, whereas the company here is a stock company. The relationship of the company and the policyholders to the reserve fund, not the right of the latter to the control and management of the company, is the determining factor; and that relationship is the same here as it was shown to be in the Duffy Case.

The amount paid in by policyholders and carried in the legal reserve of the company was certainly money paid in by them for shares in a common fund, a fund maintained under legal requirement for their benefit and invested for their advantage as well as for the advantage of the company. It would thus seem to be invested capital within the clear meaning of clause 1 of section 207(a) of the Revenue Act of 1917, 40 Stat. 306. If, however, that clause be limited in meaning to money paid in by stockholders for shares of stock, then such payments, with

interest earnings thereon, fall clearly within the classification of "paid-in or earned surplus" under clause 3. Nothing need be added to the able opinion filed in the cause by the judge below, and same is adopted as the opinion of this court.

Affirmed.