### HILLS v. UNITED STATES.
### No. L–153.

Court of Claims.
Feb. 8, 1932.

Merritt E. Haviland, of New York City, for plaintiff.

J. A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The motion for reconsideration has been so exhaustively and ably argued that we think nothing further is left to present in the matter, and therefore will proceed to a determination of the question presented by the argument on behalf of the defendant.

Two points are especially emphasized in the brief presented by defendant's counsel: The first is that no recovery can be had on the second claim for refund filed by plaintiff, for the reason that it presented only the same grounds as were contained in plaintiff's first application, which was rejected, and upon which, as defendant contends, a recovery is barred by the statute of limitations.

The other contention is that, when the word "tax" or the words "such tax" are used in the statutes which fixed the limitation of recovery in this case, they refer, not to the whole of the tax assessed and paid by the taxpayer, but to that portion of the tax which was paid within the period of limitations fixed for instituting an action to recover a refund therefor, and in support of this proposition it is urged that such has been the uniform construction and application of the law by the Treasury Department. On behalf of the plaintiff, it is insisted that the various revenue statutes enacted for the purpose of imposing income and profits taxes and also those imposing estate taxes show clearly that it was the intent and purpose of Congress to use the words "the tax" or "such tax" as meaning the whole of the tax paid by the taxpayer, and that, when it was intended to limit the application of the law to a portion of the tax, it was specifically so stated. The ultimate question arising on these two opposing contentions is whether the statute of limitations began to run against plaintiff's claim from the date of a payment on the tax for which recovery is sought or whether the statute did not begin to run until all of the tax was paid. This obviously depends on the proper construction of the statutes which are applicable. How these statutes should be construed will be first considered and determined.

As a preliminary to the discussion of these matters, it is well to examine, not only the statutes which were applicable at the time involved in the instant case, but the course of legislation since, and counsel for the respective parties have both treated the course of legislative action as having an important bearing in determining the intention of Congress, and have devoted the greater part of their arguments to this branch of the discussion. A brief general statement will, we think, be helpful in this connection.

Beginning with the act of 1921, section 3228 of the Revised Statutes has been incorporated in the various revenue acts up to the act of 1928 (26 USCA § 157).[1] This statute required "all claims for the refunding * * * of any internal-revenue tax" to "be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum." Its provisions are general in their terms, and apply to all internal revenue taxes. Commencing with the Revenue Act of 1916, Congress began to differentiate between estate taxes and income and profits taxes with reference to the time for presenting claims to the Commissioner, and has continued this difference with respect to these provisions ever since. These differences will be found in a comparative statement made in the brief of the plaintiff, but it is not necessary to set out all of them here.

Commencing with the act of 1924, section 281 (b) (26 USCA § 1065 note), Congress provided with reference to refunds of income and excess-profits taxes that the amount of the credit or refund should not "exceed the portion of the tax paid during the four years immediately preceding the filing of the claim or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund." It should be specially noted that in this section for the first time it was provided that the refund should not exceed "the portion of the tax paid" within the time limit fixed for filing the claim, and, as stated above, this provision applied only to income and profits taxes. The time for presentation of claims for refund of estate taxes was controlled by the incorporation in the 1924 act of section 3228, with a slight amendment. As so amended, section 3228 provided that, with the exception of claims coming under section 281, all claims for refund must be presented to the Commissioner of Internal

---

[1] Certain amendments were made to section 3228 not material to the decision of this case.

Revenue "within four years next after the payment of such tax, penalty, or sum." So far as estate taxes were concerned, there was no mention or reference to a "portion of the tax." (See section 1012, Revenue Act of 1924 [26 USCA § 157]).

The Revenue Act of 1926 (44 Stat. 9), concerning which much is said in argument of counsel, required claims for a refund of income or profits taxes arising under the act to be presented within three years from the time the tax was paid and within four years under prior acts, and again included the same special provision with reference to the portion of the tax paid preceding the filing of the claim. With reference to estate taxes, the 1926 act (§ 319, 26 USCA § 1120) provided that all claims for the refunding of "the tax" must "be presented to the Commissioner within three years next after the payment of such tax," and made no mention or reference to a "portion of the tax." The 1928 Act (26 USCA § 2001 et seq.) did not revise the estate tax provisions, and included only two short provisions with reference to the estate tax, neither of which has anything to do with the matter of limitations. With reference to income and profits taxes, the same provisions were inserted as have been shown to have been made under the 1926 act.

It will thus be seen that in passing the revenue acts Congress began to use the time of the payment of a portion of the tax as a basis for fixing the time for presenting claims for refund for the first time in the 1924 act, and made this provision apply only to income and profits taxes; that separate and distinct provisions were enacted with reference to limitations on refunds of estate taxes; that these provisions contain no reference to the time of payment of a "portion of the tax"; and that Congress has consistently pursued this practice in the later acts. We know of no way in which Congress could make it more evident that it intended this provision with reference to the time of payment of a portion of the tax to apply only to income and profits taxes, except by stating specifically with reference to the estate taxes that it should not apply thereto. Negative legislation in this form is seldom used, and the intent of Congress appears so clearly and plainly without such an addition that there was no necessity whatever for it. In this connection it may be said that numerous instances in the various revenue acts show that Congress has always been careful to differentiate between the use and meaning of the word "tax" and the words "a portion of the tax," and, where the provisions of the act were intended to have any application to a portion of the tax, it has been so specified. There are so many instances of this kind that space does not permit reference thereto, but they are cited in the plaintiff's brief on the matter now before the court.

It is strenuously insisted in the argument for defendant that the uniform practice of the Bureau has been in accordance with the construction for which its counsel now contends: No published regulation of the department has been cited to support this statement with reference to the Bureau's practice except L. O. 1116, III-1 C. B. 350, which does not rule on the precise point now involved, but from which the inference may possibly be drawn in favor of the rule for which the defendant now contends. Later an opinion was rendered by the Solicitor of Internal Revenue (to which reference was made in the original opinion on this case by the court) which expressly stated that the words "the tax" as used in the act of 1924 referred to the whole of the tax and not to a portion thereof, and in effect that only by the special provision with reference to a portion of the tax did the date of payment thereof become material. There seems, therefore, to have been no settled or consistent practice on the part of the Bureau. However this may be, if the Bureau practice was not authorized by law, the law would not be changed thereby, or, in other words, the law is not nullified by the fact that the Bureau did not conform to it.

It is said in argument on behalf of defendant that the provisions of the 1924 act which confine the recovery upon a refund to the portion of the tax paid within the period of limitations are plain and unambiguous. With this we entirely agree, but, as we have hereinbefore shown, these provisions apply only to income and profits taxes, and Congress enacted otherwise with reference to estate taxes. We think that Congress by its legislative action has itself placed a construction on the language under discussion, and that in its various enactments with reference to the presentation of claims to the Commissioner and limitations on actions begun thereon, when the word "tax," or the words "the tax" are used, the whole of the tax was intended, and, when a statutory provision was intended to apply to a portion of the tax, it was specifically so stated.

Section 3228 (26 USCA § 157), which is set out in the original opinion, prescribes

the time within which claims for refund must be presented to the Commissioner of Internal Revenue. Section 3226, also set out in the original opinion, fixes the time within which suit may be begun on a claim for refund. In both of these sections, the word "tax" is preceded by the word "such." What we have said in the original opinion, we think, shows that the use of the word "such" in no way limits the word "tax" to a portion of the tax, but it may be noted in addition that, although Congress in the 1924 and 1926 acts re-enacted sections 3226 and 3228 as a part of these revenue acts, it evidently considered that these sections did not refer to a portion of the tax, and therefore inserted a special provision limiting the recovery on refunds on income and profits taxes accordingly.

When section 3226 and section 3228 are construed in accordance with the views above expressed, it will be seen that the action is not barred by the provisions of either section. The suit would be in time under section 3226, for the reason that it was begun within five years from the time the last payment was made and the whole of the tax paid, which was May 16, 1925. It would not be barred by section 3228, because the claim was presented to the Commissioner within four years after this payment was made. This will clearly appear upon further consideration of the law and the facts in the case as we must assume them to be in ruling on the demurrer.

Section 3226 (26 USCA § 156) provided that suit should not be begun upon a claim for refund or credit "after the expiration of five years from the date of the payment of such tax, * * * unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

We think it clear that the last clause of the provision is not a limitation upon the one that precedes it, although it may operate to extend the period stated therein, and that this section gives the taxpayer the right in any event to bring his suit within the five-year period, but he may not bring it thereafter unless the provisions of the second clause are complied with. The petition was filed April 29, 1930, which was within five years of the time when the whole of the tax was paid. Under our construction of the law, section 3226 does not bar the action.

In applying the provisions of section 3228, with reference to the time of the presentation of the claim to the Commissioner of Internal Revenue, it is immaterial whether we follow the contentions made on behalf of the defendant or those on behalf of the plaintiff with reference to the filing and submission of the first and second claims for refund made by plaintiff. The defendant contends that, after the filing of the first claim, plaintiff submitted additional proof which amounted to an amendment of this claim; that, the original claim having been rejected, the second claim was of no avail, because it was substantially the same as the first claim when amended. But under the holding that we have made above it is immaterial in applying section 3228 whether we use the date when the amended claim was presented to the Commissioner, if it was amended as defendant alleges, or whether we use the date when the second claim was presented to the Commissioner, or even if we use the date when the first claim was presented. In any event, the claim was presented within four years from May 16, 1925, as will appear from a review of the facts in the case, as stated in the petition.

The first claim for refund was filed October 2, 1926, and on June 29, 1927, plaintiff was advised that the claim for refund was allowed in part and rejected in part. The thirteenth paragraph of the petition recites that plaintiff thereafter presented to the Commissioner proof of certain items of administration expenses which had been paid by the plaintiff, and requested that the Commissioner allow them as additional deductions for taxation purposes, and also requested a reconsideration of the Bureau's determination with reference to the claim filed. The petition does not state the date or dates when this proof was submitted, but it must have been prior to February 24, 1928, when the Commissioner wrote the plaintiff in effect that the reconsideration had been granted and the request made had been carefully examined, with the result that it should be considered that " * * * the sum of $16,250 commissions on the sale of real estate, and $10,191.20 additional administration expenses, should be allowed as deductions from the gross estate."

The letter also stated in substance that the Bureau's conclusion as to the amount which was subject to refund was not affected, and that no greater amount than had already been ordered could be refunded, for the reason that the claim was not filed within four years succeeding the date when the amount sought to be refunded was paid. On March 1, 1928, the plaintiff filed a second claim for refund, and about June 28, 1928,

the plaintiff received a certificate of over-assessment dated May 25, 1928, which repeated in substance the statements contained in the letter of February 24, 1928, and inclosed a check for the amount which the Commissioner had found to be refundable, to wit, $1,727.60, with interest thereon.

We have possibly set out these matters more in detail than is necessary for an understanding of the situation. The important fact is that, if the original claim was amended by the proof submitted, as defendant claims, the petition shows that the claim of plaintiff was reconsidered, a different decision rendered, and that this amended claim (if it was amended) was presented to the Commissioner within the required time. So also, while it is not necessary to hold that the second claim presented new matter, and therefore can be considered by the court, the presentation of the second claim was within four years from the time when the tax was paid as we construe the law.

We have examined the cases cited on behalf of defendant, and do not find them applicable.

The statement in the original opinion to the effect that, if plaintiff recovered herein, the recovery must be based on the second of the claims for refund filed, is modified to the extent and in the manner set out above, otherwise we adhere to our former opinion. The motion for reconsideration of the demurrer and the ruling thereon is accordingly overruled.

LITTLETON, Judge (concurring).

Much of the argument in defendant's brief on the motion for reconsideration of the demurrer is based upon what is claimed to have been Bureau practice and on what took place in the House and Senate with reference to certain bills.

I agree with the foregoing opinion, but a word might be said with reference to what occurred in Congress and also with reference to the Bureau of Internal Revenue rulings.

Extemporaneous answers to questions propounded in rapid-fire debate in Congress are of little weight, if any, in determining the construction of statutes, but, even if they should be so treated, the quotations which are made from the debates in Congress do not in any way help the defendant's case. The debate which took place in the House, and from which quotations are made in the arguments both for plaintiff and for the defendant, was with reference to a bill separate from the general revenue acts and which

amended section 252 of the Revenue Act of 1921 with reference to certain matters which have no bearing on the case now before the court. This is shown by the letter of the Secretary of the Treasury showing the purpose of the bill submitted to the House in connection therewith. The discussion was with reference to the meaning of this particular bill and not with reference to the provisions which are now under consideration, and is therefore of no assistance in determining the meaning of these provisions. What took place in the Senate on the discussion of the amendment inserted in the 1924 act with reference to the time of payment of a portion of the tax seems to support the contention of the plaintiff rather than that of the defendant. The report of the Senate committee shows that the provision with reference to the payment of a portion of the tax was inserted "in order that a late payment of a small portion of the tax may not extend the time for filing a claim for refund of the entire tax." This means that, in the absence of this provision, a late payment would have such an effect. It is urged that in commenting on this provision Senator Smoot stated that it only carried into effect what had been the prior action of the Bureau. If the statement of Senator Smoot had reference to section 281 (b) (26 USCA § 1065 note) rather than section 281 (a), which appears to have been under consideration at that time, there were never any published regulations to that effect prior to the Revenue Act of 1924. It has often been held that, where the Bureau's practice with reference to an ambiguous statute is long continued and Congress takes no action to modify or change it, the fact that Congress does not see fit to act under the circumstances is evidence that the Bureau's action expressed the intention of Congress. But it has not been held that, where Congress found that the Bureau of Internal Revenue had been acting without authority of law and concluded to give it such authority in the future as it had been exercising in the past, the action of Congress tended in any way to ratify the illegal acts.

Subdivision (b) of section 281 is, by its terms, specifically limited to income, war profits, or excess profits taxes specified in subdivision (a). The Commissioner of Internal Revenue may have taken the position in certain cases that the refund should be limited to that portion of the tax paid within four years prior to the filing of claims which have never appeared in any published reports, and it is possible that the officials of the Treasury Department who called the

attention of the Congress to the need for the amendment contained in section 281 of the 1924 act stated that the proposed amendment was the same as the regulations in force. Nevertheless, the fact that the chairman of the Senate Finance Committee stated on the floor of the Senate, "This subdivision has been written to limit the amount of refunds and credits to the portion of the tax paid within the four years preceding the filing of the claim, in order that the taxpayer may not, by a small payment, reopen the entire case," and the fact that the report of the Finance Committee on section 281 (b), No. 388, page 33, Sixty-Eighth Congress, first session, stated that the statute had been amended "in order that a late payment of a small portion of the tax due may not extend the time for filing a claim for refund of the entire tax," show that it was recognized that any such departmental interpretation of the statute was erroneous and without support in law. This is shown by the statements contained in Solicitor's Memorandum 3380, IV-1 C. B. 80.

There were no published regulations prior to the enactment of the Revenue Act of 1924 which provided that the amount of the refund should not exceed the portion of the tax paid within the two or four year period, as the case might be, prior to the filing of a claim for refund. The only published ruling which gives any indication that such a construction might be placed upon the refund statute is L. O. 1116, III-1 C. B. 350, where, under the Revenue Act of 1921, the opinion was expressed that a claim for the refund of federal estate taxes might be allowed since the amount paid within four years prior to the filing of a claim did not exceed the amount claimed. It was not necessary in that ruling to pass upon a case where the refund sought was of an amount greater than the amount paid within the four-year period. The correct rule in such a situation is set out in S. M. 3380, supra, which refers to L. O. 1116, supra, and holds that in such a case the statute would not begin to run until the last payment, regardless of whether that payment was greater or less than the amount claimed.

Solicitor's Opinion 833, 1 C. B. 249, cited by the defendant, simply holds that section 252 of the Revenue Act of 1918 does not take away the rights of the taxpayer under section 3228 of the Revised Statutes to file a claim for refund within two years after the cause of action accrued, or the date of the payment of the tax under protest. T. D. 3416, I-2 C. B. 228, likewise states the re-

quirement that claims for refund must be presented to the Commissioner within four years after the payment of the tax, but does not limit the refund to the portion paid within the four-year period. In I. T. 1269, I-1 C. B. 311, it is held that a claim for the refund of income taxes imposed by the Revenue Act of 1913 was barred by section 3228 of the Revised Statutes because it was not filed until more than two years had elapsed after the payment of both the original and the additional tax, thus apparently recognizing that, if the refund claim had been filed within two years after the payment of the additional tax, the claim would not have been barred. T. D. 3457, II-1 C. B. 177, states only that after the amendment of March 4, 1923 (42 Stat. 1504), a claim for the refund of income, war profits, and excess profits taxes may be allowed where the claim is filed before the expiration of two years from the time the tax was paid. T. D. 3462, II-1 C. B. 180, likewise fails to limit the refund in any way to the amount paid within two years prior to the filing of the claim.

Article 1307 of Regulations 65, under the Revenue Act of 1924, provides that the refund is limited to the portion of the tax paid within four years prior to the filing of the claim for refund, and this is the first issued regulation which so limits the refund of any internal revenue taxes. Article 1308 of Regulations 65, which refers to refunds under prior acts, does not so limit the claim. This, it seems, is due to the express language of section 281 (f) of the 1924 (26 USCA § 1065 note) act, which provides that section 281 shall not bar from allowance a claim for credit or refund filed prior to the act which, but for such enactment, would have been allowable, thus showing the recognition by Congress and by the Treasury Department that prior to the 1924 act the refund was not limited to the portion of the tax paid within the two or four year period prior to the filing of the claim for refund.

The regulations prior to the 1924 act do not support the position taken that the Commissioner of Internal Revenue interpreted the prior acts to mean that refunds were limited to the portion of the tax paid within the two or four year period prior to the filing of the claim.

The rulings and regulations cited do not show, as contended by counsel for the defendant, "a consistently followed recognition by the Commissioner of Internal Revenue that his authority to refund all internal-revenue taxes, including estate taxes, was under R.

S. 3220 and 3228, both prior and subsequent to the 1921 amendment of the latter, limited in amount to a sum not to exceed the tax or portion of total tax paid within two and four years, respectively, immediately preceding the filing of a claim therefor, i. e., that a refund claim was allowable only if and when filed within two and four years, respectively, of the payment of the particular tax or portion thereof sought to be recovered." And S. M. 3380, supra, obviously is not susceptible of that interpretation.

BOOTH, Chief Justice, and WILLIAMS, Judge, concur in the foregoing opinions.

WHALEY, Judge, took no part in the decision of this case on account of illness.