## BREWER v. NATIONAL LIFE & ACC. INS. CO.

No. 8549.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1941.

Harry Marselli, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., and James B. Frazier, Jr., of Chattanooga, Tenn., on the brief), for appellant.

Frederick Schwertner, of Washington, D. C. (J. M. Peebles, of Nashville, Tenn., and James E. McCabe and Frederick Schwertner, both of Washington, D. C., on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of a judgment in favor of appellee taxpayer for refund of income and excess profits taxes claimed to have been overpaid for the year 1920. The principal question presented is whether the suit is barred by § 1113(a) of the Revenue Act of 1926, 44 Stat. 9, c. 27, 26 U.S.C.A. Int.Rev.Acts, page 324, because it was brought more than two years after the rejection of the claim for refund and more than five years after the payment of the amount sought to be recovered.

Section 1113(a) reads as follows:

"Section 3226 of the Revised Statutes, as amended, is reenacted without change, as follows:

"'Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. * * *'"

The taxpayer seeks to recover $15,372.69 income and excess profits taxes paid as part of an installment of $17,674.53 on December 13, 1921. The instant case was filed June 7, 1930.

The stipulated facts are in substance as follows:

On December 29, 1924, the Commissioner determined that the taxpayer owed additional income and excess profits taxes in the sum of $72,265.32 for 1919, and $54,-306.36 for 1920. The taxpayer contested these determinations upon the ground, repeatedly asserted, that the Commissioner erred in excluding the taxpayer's life insurance reserves from its invested capital. By letter dated April 24, 1925, the Commissioner notified the taxpayer that the additional taxes for 1920 had been reduced to $249.40. The taxpayer thereafter filed a

waiver of right to appeal to the Board of Tax Appeals and consented to the immediate assessment of additional taxes for the years 1919 and 1920. Such assessments of $72,265.33 for 1919 and $249.40 for 1920 were made, and the taxpayer paid them on June 12, 1925.

A claim for refund of the aggregate amount was filed July 10, 1925, and was disallowed January 9, 1926. In 1927 the taxpayer filed a second claim for refund, which was rejected; but the taxpayer concedes that this claim was not effective as a valid claim for refund, and we do not consider it.

In various negotiations between the parties subsequent to July, 1925, the taxpayer claimed that the refund was required under Duffy v. Mutual Benefit Life Ins. Co., 272 U.S. 613, 47 S.Ct. 205, 71 L.Ed. 439, which held that life insurance reserves of a mutual insurance company maintained pursuant to state law constitute invested capital. The Commissioner maintained that this decision was not applicable to the taxpayer because it was a stock company. In October, 1930, the United States Circuit Court of Appeals for the Fourth Circuit affirmed a judgment of the district court holding that the Duffy case controls as to stock companies [Moncure v. Atlantic Life Ins. Co., 44 F.2d 167], and on March 2, 1931, the Supreme Court denied certiorari, 283 U.S. 823, 51 S.Ct. 346, 75 L.Ed. 1438. Thereafter the Commissioner refunded to the taxpayer $22,631.31 as an overpayment for 1919. While he issued a certificate of overassessment showing an overpayment of $15,622.19 for 1920, he refunded only $249.50 as the amount of the additional tax paid June 12, 1925, and decided that the balance of the overpayment, namely $15,372.69, was barred by the statute of limitations. It is this sum for which the taxpayer seeks recovery here.

The District Court, upon authority of Hills v. United States, Ct.Cl., 55 F.2d 1001, held that the five-year statute was set in motion upon the date of the payment of $249.40 in June, 1925, and gave judgment for the taxpayer.

■ The appellant contends that no claim for refund of the amount of the taxes sought to be recovered was filed with the Commissioner, as required by § 1113(a) of the Revenue Act of 1926. We think that the claim filed on July 10, 1925, seeking refund of $72,514.83 for income taxes from January 1, 1919, to December 31, 1920, is broad enough to cover this action, see § 284(b) (2), (h) (2) of Revenue Act of 1926, 44 Stat. 9, c. 27, 26 U.S.C.A. Int.Rev. Acts, pages 220, 223, and that the fact that the tax is stated to have been paid on June 12, 1925, does not weigh against this conclusion. However, we think the judgment must be reversed because the action is barred under the statute.

■ The action was brought more than two years after the rejection of the claim for refund, and the sole question is whether it was brought within five years after the payment of the tax. Under the express terms of the statute and the conceded facts of the case the action is barred. In order to avoid the running of the statute it had to be filed within five years after the payment of the tax. Yet it was instituted some nine years after the taxes sought to be recovered were paid. We think the fact that Congress in 1924 enacted legislation, § 281, Revenue Act of 1924, 43 Stat. 254, c. 234, 26 U.S.C.A. Int.Rev.Acts, page 62, which for the first time explicitly limited the amount of refund allowable to the portion of the tax paid within the applicable limitation period but did not expressly apply to taxes paid before that time, does not affect the question. In absence of any evidence that the statute was enacted to correct an administrative practice or to cure a judicial construction we think that it may have been designed "to prevent misapprehension of existing law." Helvering v. New York Trust Co., 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361. It is stated in the Hills case, supra, 55 F.2d at page 1003, that there had been no settled or consistent practice upon this question within the Bureau, but the record here sheds no light upon this point. The taxpayer relies upon the Hills case, United States v. Clarke, 3 Cir., 69 F.2d 748, 94 A.L.R. 975, and Union Trust Co. of Rochester v. United States, 2 Cir., 70 F.2d 629. In the last two cases the Supreme Court denied certiorari, 293 U.S. 564, 55 S. Ct. 75, 79 L.Ed. 664; 293 U.S. 564, 55 S. Ct. 99, 79 L.Ed. 664. They all relate to estate taxes, and in the Hills case a specific differentiation was made between cases relating to estate taxes and cases relating to income taxes. As pointed out in the Hills case, it is a distinction long recognized in tax legislation. We think the rule adopted in the Hills case should not be extended to actions for refund of income tax.

If this were a case of first impression we should have no difficulty in holding that

the phrase "no such suit" in § 3226 refers in this case to the amended petition praying for the refund of $15,372.69, and that the phrase after the "date of the payment of such tax" means the date when the specific sum sought to be recovered was paid, in this case December 13, 1921, and that the suit is therefore barred. The Hills case is the basis for the other decisions relied on by the appellee, all of which are estate tax cases, in none of which this particular question is discussed at length, so that the essential consideration of the point is found in the Hills case only.

The question there before the court, as stated in the opinion upon motion for reconsideration [55 F.2d 1001, 1002] is also somewhat different from that presented here. There it was "whether the statute of limitations began to run against plaintiff's claim from the date of a payment on the tax for which recovery is sought or whether the statute did not begin to run until all of the tax was paid." Here the question is whether the statute of limitations began to run from the date when the entire sum for which recovery is sought was paid.

It does not appear that the court in the Hills case considered the decision in Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S.Ct. 155, 64 L.Ed. 297, in which the court held that claims for refund of income taxes paid with original returns made under the Act of October 3, 1913, 38 Stat. 114, c. 16, are barred if not presented to the Commissioner, as directed by § 3226, R.S., and sued on in the Court of Claims within the two-year limitation of § 3227; and that these requirements are not postponed or superseded as to such payments by the fact that the original returns were amended and the assessments increased and the original payments credited upon the increased assessments, by the action of the Commissioner. Nor does it appear that this case was called to the Supreme Court's attention upon application for certiorari, in the Clarke and Union Trust Co. of Rochester cases, supra. It is not cited in either brief before us. We think that the holding in the Hills case can not be reconciled with that of Maryland Casualty Co. v. United States. See also Blair v. United States ex rel. Birkenstock, 271 U.S. 348, 46 S.Ct. 506, 70 L.Ed. 983.

That the doctrine of the Hills case does not apply in income tax cases is definitely indicated by United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed.

405. It is true that the principal question there presented was whether the alleged amendment put forward such a totally different ground for refund that it constituted a new claim, untimely filed. However, the chronological history of the Garbutt Oil Co. case seems to make it a considered ruling upon the question of the running of the statute. The action was brought to recover an alleged overpayment of income taxes for 1919. Refund of the entire tax paid in 1919 was demanded, and upon rejection by the Commissioner, the taxpayer brought suit for the recovery of $3,105.65, which it had paid on April 3, 1925. The Supreme Court, speaking of the claim, stated: "Claim for refund was not filed until 1929, when the statute of limitations had barred refund of all payments made by the respondent except the amount of the additional assessment paid in 1925." (302 U.S. supra, at page 531, 58 S.Ct. at page 322, 82 L.Ed. 405.) This clear statement compels the conclusion that under the applicable statute the period of limitation began to run in this case upon December 13, 1921.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.