## HILLS v. UNITED STATES.
### No. L–153.

Court of Claims.
June 1, 1931.

Merritt E. Haviland, of New York City, for plaintiff.

J. A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The petition alleges in substance that the plaintiff is the executrix of the estate of Alfred K. Hills, and as such executrix filed an estate-tax return June 6, 1921, which showed that a tax of $18,108.42 was due, of which $360 was abated later, and the balance of $17,748.42 was paid July 26, 1921. It further shows that on April 24, 1925, the commissioner notified plaintiff that he had determined the correct tax liability to be $19,476.02 and that there was a deficiency in payment of $1,727.60. A jeopardy assessment of this deficiency was made April 27, 1925, and on May 1, 1925, was paid by the plaintiff by her check "as an installment on account of the entire estate tax." That about October 2, 1926, plaintiff filed a claim for refund of $4,371.33 based upon payment of administration expenses incurred after filing the estate return, and on June 29, 1927, the commissioner advised plaintiff that after audit it was determined that the tax upon the transfer was $16,057.64, and "since the claim for refund was not filed within four years next succeeding the date the sum of $17,748.42 was paid, only the amount shown to have been paid on May 16, 1925, or $1,727.60 is subject to refund."

With reference to claims for refund, it is alleged that on March 1, 1928, plaintiff filed a claim for refund of $4,743.25 based upon payment of certain administration expenses incurred since the previous claim was filed and certain other administration expenses not reported to the commissioner. On June 28, 1928, plaintiff received a certificate of overassessment of $4,080.81 dated May 25, 1928, in which was set out the computation of the overassessment, and the same reasons were stated why only $1,727.60 could be refunded, and further stating that the balance of the overassessment in the sum of $2,353.21 was barred.

That on April 30, 1929, plaintiff filed a third claim for refund of the unpaid portion of the overassessment, stating reasons why it was claimed that the same was not barred, and on July 13, 1929, the commissioner advised the plaintiff that said claim was considered as an application to reconsider prior claims and rejected.

Upon these facts the plaintiff asks judgment for $2,353.21, being the unpaid portion of the overassessment and the amount of the refund asked in the third claim.

The defendant demurs to the petition on the ground that it does not set out a cause of action. More specifically the defendant contends that none of the three claims were filed in time by plaintiff and that action on all of them is barred by the statute of limitations.

The issues raised by defendant are controlled by two sections of the Revised Statutes. Section 3226 (26 USCA § 156) provides with reference to the filing of claims and the time of beginning suit as follows: "No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

Section 3228 (26 USCA § 157) also provides with reference to the time of presenting claims for refund to the commissioner, as follows: "Sec. 3228. (a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum." [1]

If the time when the final payment was made on the tax fixes the date when the statute of limitations commenced to run under section 3228, as plaintiff contends, then all three of the claims of plaintiff were filed within the four-year period fixed by this section. But if, on the other hand, this date ap-

---

[1] The wording of the portion omitted is slightly changed in the 1928 act from that in the 1926 act, but the change is not material to the case under consideration.

plies only to the amount then paid, the recovery of any prior payments is barred not only by section 3228 but by section 3226 as well.

For reasons which follow we hold that if plaintiff is entitled to recover at all, her recovery must be based on the second claim filed March 1, 1928.

The disallowance of the first claim was more than two years before the suit was begun, and consequently this claim is of no avail to the plaintiff regardless of whether it was filed before the expiration of five years from the date of the payment of the "tax, penalty, or sum," as provided by the statute. What plaintiff refers to as her third claim is merely a repetition of the second claim and for the purposes of the case we think adds nothing thereto.

Defendant contends that there was no action by the commissioner on the second claim, but the certificate of overassessment, which was issued after the second claim had been filed, showed very plainly and directly that the claim had been allowed in part for the same sum as before and disallowed to an extent corresponding to the amount for which plaintiff now asks judgment. The defendant contends that in any event the statute of limitations commenced to run from the date of the disallowance of the first claim, citing Altman & Co. v. United States, 40 F.(2d) 781, 69 Ct. Cl. 721. If the second claim was the same in all respects as the first claim, this might be conceded, but we think that a comparison of the exhibits attached to the plaintiff's petition, which set out these claims in full, shows that the specific grounds are different, and that in such a case a new claim may be filed and the two-year limitation will not begin to run until it has been disallowed. In the instant case the disallowance was within the two-year period. The statute, however, also provides that "no such suit or proceeding shall be begun * * * after the expiration of five years from the date of the payment of such tax, penalty, or sum," and the question arises as to what that "date" is in the case at bar. This question involves the construction of the language above quoted. The plaintiff contends that the words "payment of such tax, * * * or sum" refer to the payment of the whole tax, and that as the deficiency assessed was not paid until May 16, 1925, the whole of the tax was not paid until that date. The suit, having been begun April 29, 1930, under this construction was within the five-year limitation. The contention of the defendant is, in substance, that

only that "sum" or portion of the tax which was paid within five years from the time suit was begun can be recovered under a proper construction of the statute, and that as the amount which the commissioner refused to pay is part of the $17,748.42 paid on July 26, 1921, it is therefore barred. This question can properly be discussed in connection with defendant's contention that none of the claims were filed in time, for, although this depends on section 3228, the language used with reference to the date of payment is practically the same and, we think, susceptible of the same construction.

It will be observed that in both sections 3226 and 3228 it is the date of the "payment of such tax, penalty, or sum" which fixes the time from which the limitation must run. If these words refer only to the time when all of the tax which has been found to be due is paid, then all of plaintiff's claims were filed within the period fixed by law, and the suit is not barred by the statute of limitations. On the other hand, if the words "payment of such tax, penalty, or sum" refer to a payment of a part or portion of the tax, then the period of limitation dates from the time of the actual payment of the particular sum sought to be recovered, and plaintiff's claims were not filed in time to enable her to recover any portion of the tax not paid within the period of limitations.

Each of the sections of the statute refers to the "payment of such tax, penalty, or sum." It will be observed there is a division into three separate matters. With one of these—the penalty—we are not now concerned. The question therefore is narrowed so as to require the determination of whether the expressions "such tax * * * or sum" both refer to the whole tax, or whether one of them may refer to a part of the tax where such parts are collected under a different section or levy. The word "tax," or the words "the tax," as used in the revenue acts, generally refer to the whole of the tax, but in some instances do not, and the word "sum" evidently refers to a particular amount, which, however, may not be, strictly speaking, the tax itself, but only what is added thereto or collected with the tax under some provision of the law, and a difficult and doubtful question arises in connection with the proper construction of these words. In order to determine it, we shall consider in what form the sections in which they are included were originally enacted, and in connection with other provisions of the revenue law endeavor to determine what construction Congress intended to have put thereon.

Section 3228 was enacted June 6, 1872, substantially as it now stands, except that the period in which suit must be brought was limited to two years.

Section 3226 was originally contained in two sections—3226 and 3227 of the Revised Statutes, 3226 having been enacted July 13, 1866, and 3227 on June 6, 1872. Section 3226 provided that the suit should not be brought to recover a tax until appeal had been made to the Commissioner of Internal Revenue, and section 3227 provided that no such suit should be maintained unless brought within two years after the cause of action accrued.

Section 3226 was amended by the Revenue Act of 1921 (section 1318 [42 Stat. 315]) and the original sections 3226 and 3227 were combined in one section and the limitation period was extended.

Apparently the purpose of making reference in sections 3228 and 3226 to the three items of the "tax, penalty, or sum" was to make it clearly understood that before suit could be brought claims had to be filed for the refund of any penalty or sum sought to be recovered in the same manner as required for the refund of the tax. The amendment of section 3228 by the Revenue Act of 1921 (section 1316 [42 Stat. 314]) was made to apply retroactively to claims for refund under the revenue acts of 1916, 1917, and 1918. The word "sum" appears to have been used in order to leave no doubt as to the inclusion of certain items which, while in one sense made part of the tax, were imposed by Congress in cases where the taxpayer had failed to observe the statute. These items in many instances were not designated as a part of the tax, or as a penalty. They were simply additional amounts required to be collected. For example, in some instances the additional amount to be collected was specified as interest, and in the income and profits tax statutes from 1916 on, the amounts that were required to be added to the tax under certain circumstances were merely specified as a certain per centum of the tax, or of the amount of tax due;[2] in other cases the per centum was specified as "the sum";[3] and, in still other cases, it was directed that a specific sum "be added as part of the tax."[4] Many other similar instances might be mentioned. But always whether as interest, a per centum,

an amount, or a sum, these additions were to be collected in the same manner as the tax and as part of it. The word "penalty" was not used with respect to any of these amounts which were to be added to the tax, but they were always referred to as interest, or a specified per centum, or as an amount, or as a sum, although they were in the nature of a penalty. In the provisions with reference to the excise taxes any additions to be collected, when distinguished from interest as such, were specifically referred to as a penalty.

In the provisions with relation to the estate tax, we find interest is to be added to such a portion of the tax as is not paid within one year and six months after the decedent's death. In section 407 of the Revenue Act of 1921 (42 Stat. 281) there is a provision for the payment of interest at the rate of 10 per cent. upon the "amount" of any additional estate taxes found to be due. Another provision of the statute requires "25 per centum of the amount" of the (estate) tax to be added where there is a failure to file a return, and in case of a false or fraudulent return that there shall be added to the tax 50 per cent. of its amount.[5]

These different provisions tend to show that the use of the word "sum" was for the purpose of making it clear that the statute covered amounts which were required to be added to the taxes, although they were not specifically designated as either taxes or penalties. We think it can be definitely stated that, unless the intent of Congress is otherwise indicated, there is nothing in the use of the word "sum" which would make it refer to a part of the tax as distinguished from the whole of the tax in the manner claimed by defendant.

We think also that other legislative action indicates the intent of Congress and the construction which that body placed upon the sections of the Revised Statutes under consideration.

In section 281 of the Revenue Act of 1924, 26 USCA § 1065 note (now embodied in section 322 of the Revenue Act of 1928 [26 USCA § 2322]), a provision was inserted with reference to income and excess profits taxes to the effect that a credit or refund should not "exceed *the portion* of the tax paid during the four years immediately preceding the filing of the claim." (Italics ours.) The Solicitor of Internal Revenue rendered

---

[2] See section 250 of the Revenue Acts of 1918 and 1921 (40 Stat. 1082; 42 Stat. 264).

[3] See subdivision (e) of section 250 of the Revenue Act of 1918 (40 Stat. 1082).

[4] See subdivision (f) of section 250 of the Revenue Act of 1918 (40 Stat. 1082).

[5] See the third paragraph of section 3176, Rev. St., as amended by section 1311 of the Revenue Act of 1921 (42 Stat. 313 [26 USCA §§ 97. 98]).

an opinion [6] which in substance held that without this language there would be nothing to prevent any amount erroneously collected from being recovered, even though a recovery of part of the payment, standing alone, would have been barred by the statute of limitations. As far as we can ascertain, this seems to have been the practice of the Internal Revenue Bureau with reference to amounts recoverable on refund claims up to the time of the Revenue Act of 1924.

The Solicitor of Internal Revenue correctly held in the opinion, to which we have before referred, that Congress clearly intended by the change in the Revenue Act of 1924 to make it plain that where any "portion" of the tax had been paid at a time barred by the statute of limitations, such portion could not be recovered after the revenue act of that year went into effect. Or, in other words, Congress thereby required that the practice of the bureau should be changed in this respect with reference to the taxes to which section 281 of the Revenue Act of that year applied. But this section applied only to income and excess profits taxes and if Congress intended to have the practice of the bureau changed as to estate taxes also, it would seem as if it would have made the section apply to all internal revenue taxes, or specified estate taxes along with income and excess profits taxes. This it did not do, and we think its failure so to do tends to show that it intended that a different rule should be applied where it was sought to recover estate taxes wrongfully collected.

What we have said above shows that the language of the statute is ambiguous and its construction doubtful. The general rule in such cases is that the doubt should be resolved in favor of the taxpayer, and we may properly turn to the committee reports in order to ascertain the intent and purpose of Congress. A consideration of these reports, as set out below, will show that they tend to support the contention of plaintiff.

Clause (2) of subdivision (b), section 281, of the Revenue Act of 1924 (26 USCA § 1065 note), which gives rise to the controversy presented by the demurrer in this case, was inserted by reason of the change made by section 281 of the Revenue Act of 1924 in section 252 of the Revenue Act of 1921 (42 Stat. 268).

The revenue bill of 1924, as it passed the House, shortened the period of limitation within which a claim for refund might be filed

[6] See S. M. 3380, C. B. IV-1, p. 80.

from five years after the return was due, as provided by section 252 of the Revenue Act of 1921, to four years after the date of payment of the tax and did not contain a provision which was finally inserted in this section—section 281—by subdivision (b) (2). The report of the Committee on Ways and Means, No. 179, 68th Congress, 1st session, stated: "The limitation on credits and refunds contained in the first proviso of section 252 of the existing law has been changed in two principal respects. The date from which the period of limitation runs has been changed from the due date of the return to the date of the payment of the tax. Logically, the period of limitation should run from the date of payment, since it is at that time that the right accrues. Again, the complicated provisions of the present section with reference to the length of the periods of limitation, which vary from two years from the time the tax was paid to six years from the time the return was due, have been simplified by fixing the period at four years."

The Senate Committee on Finance, amending section 281, inserted a provision therein restricting the amount of a credit or refund to a portion of the tax paid during the four years immediately preceding the filing of the claim, and, after stating the same reasons for the change in the provisions of section 252 of the existing law as had been given in the report of the Committee on Ways and Means, stated, in addition in its report No. 398, page 33, that: "In order that a late payment of a small portion of the tax due may not extend the time for filing a claim for refund of the entire tax, a limitation has been inserted by the committee restricting the amount of a credit or refund to the portion of the tax paid during the four years immediately preceding the filing of the claim."

The amendment, with slight change, was agreed to in conference and the statement in the conference report, No. 844, by the managers on the part of the House appears at pages 24 and 25, as follows: "Amendment No. 117: The Senate amendment rewords subdivision (b) of section 281, in order to restrict the amount of a credit or refund to the portion of the tax paid during the four years immediately preceding the filing of a claim therefor. The House recedes with an amendment providing that if no claim was filed the amount of the credit or refund shall not exceed the portion of the tax paid during the four years immediately preceding the allowance of the credit or refund."

We think these extracts from the reports of the committees of the House and Senate indicate that in the view of Congress, unless a special provision was inserted making recoverable only that part of the tax which was paid within the period of limitations, such period would date from the time when all of the tax was paid.

For the reasons above stated, we resolve the doubt in favor of the plaintiff and it is ordered that the demurrer be overruled.