## UNITED STATES v. CLARKE.
### No. 5262.

Circuit Court of Appeals, Third Circuit.
March 1, 1934.

Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa. (P. E. Miller, Sp. Atty., Bureau of Internal Revenue and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Ernest Scott, of Philadelphia, Pa. (Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal by the United States from a judgment of the District Court for the Eastern District of Pennsylvania. Within a year of her death, which occurred on June 7, 1928, Mary Jane Clarke transferred stock valued at $513,650 to her son, the appellee. All of the assets of her gross estate, other than the stock so transferred, were valued at less than $7,000. On March 1, 1929, the appellee filed his return as executor and excluded the value of the stock from the taxable assets of the estate on the ground that the transfer was a gift inter vivos and was not made in contemplation of death. At the time of the filing of the return, section 302 (c) of the Revenue Act of 1926 (26 USCA § 1094 (c) was applicable. It provided that a transfer without consideration made within two years prior to the death of the decedent should "be deemed and held to have been made in contemplation of death." In accordance with that provision, the appellee on March 21, 1929, paid to the Collector of Internal Revenue estate tax in the amount of $9,161.24, and on March 31, 1930, in consequence of a deficiency assessment, paid an additional tax of $1,460.35. On March 21, 1932, the Supreme Court held in Heiner v. Donnan, 285 U. S. 312, 52 S. Ct. 358, 76 L. Ed. 772, that the conclusive presumption provision of the 1926 Act was unconstitutional. On April 6, 1932, the appellee filed a claim for refund and, when his claim was denied, brought suit in assumpsit under the Tucker Act (28 USCA § 41, subd. 20) to recover the entire sum paid to the Collector. By stipulation the case was tried by a judge without a jury. The District Court found as a fact that the transfer of the stock by the decedent to the appellee was not a gift made in contemplation of death and that the value of the stock did not properly form a part of the decedent's gross estate. Judgment was entered for the appellee for the full amount.

The appellant's contention now is that, because of section 319 (b) of the Revenue Act of 1926 (26 USCA § 1120 (b), the amount subject to refund is limited to such sum as was paid by the executor within three years immediately prior to the date upon which the claim for refund was filed and that this would exclude refund of the tax paid on March 21, 1929. The pertinent section reads:

"All claims for the refunding of the tax imposed by this chapter alleged to have been erroneously or illegally assessed or collected must be presented to the commissioner within three years next after the payment of such tax."

The District Court held that the statute did not begin to run until the time of the payment of the last installment, that is, from March 31, 1930, and relied upon the authority of a decision by the Court of Claims in Hills v. United States, 50 F.(2d) 302; Id., 55 F. (2d) 1001. That court pointed out that Congress did not mean a "portion of a tax" when it used the expression "the tax." It said:

"It will thus be seen that in passing the revenue acts Congress began to use the time of the payment of a portion of the tax as a basis for fixing the time for presenting claims for refund for the first time in the 1924 act, and made this provision apply only to income and profits taxes; that separate and distinct provisions were enacted with reference to limitations on refunds of estate taxes; that these provisions contain no reference to the time of payment of a 'portion of the tax'; and that Congress has consistently pursued this practice in the later acts. We know of no way in which Congress could make it more evident that it intended this provision with reference to the time of payment of a portion of the tax to apply only to income and profits taxes, except by stating specifically with reference to the estate taxes that it should not apply thereto. Negative legislation in this form is seldom used, and the intent of Congress appears so clearly and plainly without such an addition that there was no necessity whatever for it. In this connection it may be said that numerous instances in the various revenue acts show that Congress has always been careful to differentiate between the use and meaning of the word 'tax' and the words 'a portion of the tax,' and, where the provisions of the act were intended to have any application to a portion of the tax it has been so specified." 55 F. (2d) 1001, 1003.

To the same effect, see Union Trust Co. of Rochester v. United States (D. C.) 5 F. Supp. 259.

The construction in the Hills Case, supra, was apparently recognized as correct by Congress when it enacted the Revenue Act of June 6, 1932 (47 Stat. 287), § 1106 (see 26 USCA § 157 and note), which reads:

"(a) Subsection (a) of section 3228 of the Revised Statutes, as amended, is amended by adding at the end thereof the following: 'The amount of the refund (in the case of taxes other than income, war-profits, excess-profits, estate, and gift taxes) shall not exceed the portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund.'

"(b) The amendment made by subsection (a) of this section to section 3228 of the Revised Statutes shall not bar from allowance a claim for refund filed prior to the enactment of this Act which but for such enactment would have been allowable."

We think that the learned judge of the court below correctly held that the tax was not paid until March 31, 1930, the date of the last installment and that payment was made within three years from the date of the claim for refund.

The judgment of the court below is affirmed.