## UNION TRUST CO. OF ROCHESTER v. UNITED STATES.

### No. 355.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

Frank J. Wideman, Asst. Atty. Gen., Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and Sewall Key, Brien McMahon, and S. E. Blackham, Sp. Assts. to Atty. Gen., for the United States.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y. (James G. Dale, of Rochester, N. Y., of counsel), for appellee.

Russell L. Bradford, of New York City (Taylor, Blanc, Capron & Marsh and George H. Craven, all of New York City, of counsel), amicus curiæ.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This action was brought under subdivision 20 of section 41 of title 28 of the Code. 28 USCA § 41 (20). The plaintiff, as executor of the estate of Charles Larrowe, who died on February 23, 1926, seeks recovery of an admitted overpayment of the federal estate tax assessed against said estate under the Revenue Act of 1924 (43 Stat. 253). The defendant, although admitting the overpayment, refuses to refund it on the ground that refund is barred by section 3228 of the Revised Statutes as amended. 26 USCA § 157. The tax was paid in two installments. The first installment, amounting to $21,589.34, was paid by the executor on February 23, 1927, on the basis of the previously filed federal estate tax return; the second installment, amounting to $274.63, was paid in October, 1927, as the result of an audit and additional assessment made by the Commissioner of Internal Revenue. On August 15, 1931, the executor filed a claim for refund of some $10,000, and thereafter the Commissioner determined that the estate had been overassessed in the sum of $9,755.03 but refused to refund more than $274.63 because the rest of the overpayment was collected more than four years prior to the filing of the claim for refund. The question thus raised was decided adversely to the defendant by the District Court. This appeal challenges the correctness of that decision.

The issue presented involves the construction of section 3228 of the Revised Statutes, as it stood at the time of the filing of the claim for refund on August 15, 1931. It read as follows (26 USCA § 157):

"(a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

The executor contends that the four-year limitation within which the claim for refund must be filed commences to run upon "the payment of such tax," and that payment does not occur until the whole tax is paid; hence, if any part of the tax was paid within four years, the claim for refund in whatever amount is timely. The appellant, on the other hand, argues that only that portion of the tax paid within the four-year period is subject to be refunded as "a sum alleged to have been excessive." We agree with the District Court that "tax," "penalty," and "sum" refer to distinct categories of illegal collections and "tax" includes the entire tax liability as assessed by the Commissioner. The tax is not finally determined in amount until the Commissioner audits the return; the tax liability is unitary and not discharged until paid in full. Wherever the question has been presented, the courts have adopted the construction of the statute for which the executor contends. Hills v. United States (Ct. Cl.) 50 F.(2d) 302, on rehearing (Ct. Cl.) 55 F.(2d) 1001; United States v. Clarke (C. C. A. 3) 69 F.(2d) 748, opinion of March 1, 1934, affirming (D. C.) 5 F. Supp. 292; Magoon v. United States (D. C. Hawaii) 1933 C. C. H. 8755. Compare, as to income tax, San Joaquin L. & P. Corp. v. McLaughlin, 65 F.(2d) 677, 681 (C. C. A. 9); Blair v. Birkenstock, 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983. This judicial construction finds strong corroboration in the legislative history of the Revenue Acts in respect to income and estate taxes. The Revenue Act of 1924, § 281 (43 Stat. 301 [26 USCA § 1065 note]), expressly provided with respect to income, war profits, or excess profits taxes that the amount of refund should not exceed the portion of the tax paid during the four years immediately preceding the filing of the claim for refund. No such provision, however, was enacted with respect to estate taxes until the Revenue Act of 1932, 47 Stat. 283 (26 USCA § 1120 (b), and then with a saving clause for claims which would otherwise have been allowable. The legislative history, which is discussed in more detail in the opinion below and in the Hill Case, supra, demonstrates to our satisfaction that Congress understood that "four years next after the payment of such tax" meant four years from the payment of the final installment.

It is strongly urged upon us that this construction is contrary to a long-established executive practice. Article 99 of Regulations 68 (1924 Ed.) provides that claims for refund must be presented within four years

next after the "payment of the amount sought to be refunded." But the meaning of the statute in the light of legislative history appears to us too clear to permit us to give sanction to such practice. See Hill v. United States, 55 F.(2d) 1001, 1003 (Ct. Cl.); United States v. Md. Casualty Co., 49 F.(2d) 556, 558 (C. C. A. 7).

Judgment affirmed.