**UNITED STATES v. MAGOON et al.**
**No. 7713.**

Circuit Court of Appeals, Ninth Circuit.
May 20, 1935.

Frank J. Wideman, Asst. Atty. Gen., and James W. Morris and J. P. Jackson, Sp. Assts. to Atty. Gen., for the United States.

Prosser, Anderson, Marx & Wrenn, of Honolulu, T. H., and Frank S. Bright, of

Washington, D. C. (H. Stanley Hinrichs, of Washington, D. C., of counsel), for appellees.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The government has appealed from a judgment of the District Court of the United States for the Territory of Hawaii in favor of appellees in the sum of $25,311.74 in an action to recover an overpayment of federal estate taxes upon the estate of Bernhard R. Banning, deceased.

Bernhard R. Banning, a resident of Honolulu, died testate on or about April 27, 1923. The appellees and Mr. O. P. Soares were named as executors in the will, and letters testamentary were then duly issued. Said executors filed within due time with the Collector of Internal Revenue for the Territory of Hawaii a return for the purpose of a federal estate tax, showing a total net estate of $1,096,483.36. The Commissioner of Internal Revenue upon final audit in review of this estate tax determined that the total net value of decedent's estate was $1,184,943.66, and that the total tax due was $69,458.50. This tax was paid by the executors as follows: $24,485.25 on May 31, 1924; $35,663.09 on July 26, 1924; and $8,310.16 on April 16, 1926.

On or about January 30, 1925, the local probate court approved the accounts of the executors and discharged them, distributing the residuary estate in the hands of the executors to the appellees as trustees of the estate, who, under the will, were appointed to hold the residue of the estate upon certain trusts set forth in the will.

On July 25, 1929, the appellees, acting as trustees of the estate, filed with the Collector of Internal Revenue a duly executed claim for refund in the sum of $34,434.10, which claim was rejected by the Commissioner November 26, 1929, whereupon this action was instituted to recover the same. The answer admits an overassessment of estate taxes and an overpayment thereof in the sum of $33,621.90, and states that of this amount $8,310.16, together with interest, has been refunded, leaving an overpayment of $25,311.74, the recovery of which appellant contends is barred by the statute of limitations.

The only question for our determination is whether or not the recovery of the admitted overpayment of $25,311.74 is barred by section 3228 of the Revised Statutes as amended at the time the claim for refund was filed on July 25, 1929 (26 USCA § 157), which provided as follows: "All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

The amount of $25,311.74, for which judgment was rendered in the District Court, was paid more than four years prior to the time the claim for refund was filed. The last installment of the estate tax $8,-310.16 was paid less than four years prior to the time the claim for refund was filed, and this amount the government has already refunded. Whether or not recovery of the $25,311.74 is barred by the statute of limitation depends upon the construction to be put upon section 3228 of the Revised Statutes as amended.

Appellant's contention is that this statute should be construed so as to require the filing of a claim for refund within four years after the amount sought to be recovered was paid, and since the $25,311.74 was paid more than four years prior to the filing of the claim for refund recovery of the same is barred by the statute.

This question has been before the courts in a number of recent cases, and in construing section 3228, supra, it has been uniformly held that the period of limitations fixed therein begins to run from the date of payment of the final installment of the tax. Hills v. United States (Ct. Cl.) 50 F.(2d) 302; Id. (Ct. Cl.) 55 F.(2d) 1001; Union Trust Co., Executor, v. United States (C. C. A. 2) 70 F.(2d) 629, certiorari denied 293 U. S. 564, 55 S. Ct. 99, 79 L. Ed. ——; see, also, United States v. Clarke, Executor (C. C. A. 3) 69 F.(2d) 748, 94 A. L. R. 975, certiorari denied 293 U. S. 564, 55 S. Ct. 75, 79 L. Ed. ——.

It is apparent that the language of section 3228, supra, is subject to either construction. The courts, which have heretofore construed that statute, have based their decisions in large part upon the legislative history of the statute as tending to show that Congress intended by the phrase "four years next after the payment of such tax" that the period of limitation should be four

806

years after the payment of the final install-ment, if the tax was paid in installments. Union Trust Co., Executor, v. United States, supra; Hills v. United States, su-pra. The Supreme Court of the United States denied the petition for a writ of cer-tiorari in United States v. Union Trust Co., Executor, 293 U. S. 564, 55 S. Ct. 99, 79 L. Ed. ——, and thus refused to review the construction placed upon section 3228, su-pra, by the Circuit Court of Appeals for the Second Circuit.

On the authority of these decisions, the judgment of the District Court is affirmed.

Judgment affirmed.