### FIRST NAT. BANK & TRUST CO. OF TULSA v. JONES, Collector of Internal Revenue.

#### No. 1090.

District Court, W. D. Oklahoma.

Dec. 31, 1943.

Conner & Winters, of Tulsa, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., for defendant.

BROADDUS, District Judge.

The court finds:

1. The facts stipulated by the parties.

2. H. C. Tyrrell, in 1932 and 1933 and prior thereto, was indebted to the plaintiff, the taxpayer, in a sum slightly less than $300,000. Among other collateral for the payment of this indebtedness were certain life insurance policies on the life of Tyrrell. In 1933, the plaintiff paid as premiums on said policies on January 7, 1933, $564.60, January 13, 1933, $752.65, February 25, 1933, $163.38, March 24, 1933, $3,291.12, or a total of $4,771.75. Notes were taken for these payments but it does not appear whether the notes were executed at the time the premiums were paid or subsequent thereto. Deductions were claimed for these premiums in the year of 1933 in the income tax return for that year and such sums were charged off on the books of the plaintiff, with a part of the principal indebtedness in the sum of $31,615.40, or a total deduction claimed for the taxable year of 1933 and charged off on the books of the plaintiff in the sum of $36,397.15.

Additional premiums were advanced March 1, 1934, in the amount of $2,912.42, and a deduction of this amount was asked in the income tax return for the year of 1934. This item and an additional item of $30,000 of the principal indebtedness, or a total of $32,912.42, was charged off on the books of the bank of the plaintiff in that year.

In 1935, an additional insurance premium was paid by the plaintiff in the amount of $544.84 and a deduction was requested in the income tax return for that year and that amount was charged off on the books of the plaintiff.

Prior to these advancements for the payment of the premiums, there was an oral agreement by Tyrrell with the bank to reimburse the bank for such advancements. No notes were executed for the payment of the premiums for the last two years.

In October, 1936, settlement was had with Tyrrell and the total indebtedness cancelled, and $36,397.15 was credited as being received on the deduction taken during the year of 1933 and the items charged off in the same amount for that year upon the books of the plaintiff bank. The record does not disclose whether there was a recovery of the sum charged off in the year 1934 or that the principal was collected.

The record does not disclose any particulars with reference to the insurance policies, the number of such policies, the cash surrender value of such policies, or the amount payable in the event of the death of Tyrrell.

Under the stipulation, deductions of the premiums were requested in the income tax return for the years they were paid, and were charged off on the books of the bank in said years, and it must be presumed that the advancements were made with knowledge that the promise to reimburse was of no value at the time of the advancements. Of the collateral for the security of the principal indebtedness, there were certain shares of stock owned by Tyrrell of the plaintiff bank. These were marked so as to indicate the shares' permissible collateral on debts previously contracted, the stock not being acceptable as security for an original advancement. Tyrrell's financial condition was such as not to justify any further loans at the time the premiums were paid.

The advancements for the payment of the premiums could not have been made with a reasonable expectancy of collection under the promise of reimbursement, but proper business precaution justified the expenditure and payment as an expense incident to the protection of the collateral, and one ordinarily justified in the plaintiff's business under such circumstances.

Conclusions of Law

A. Advancements without hope or expectancy of repayment are not loans or debts within the income tax laws of the United States.[1]

---

[1] W. F. Young, Inc., v. Commissioner, 1 Cir., 120 F.2d 159; Scovill v. Commissioner, 36 B.T.A. 1214, reversed in Moore v. Commissioner, 2 Cir., 101 F.

B. The advancement of the insurance premiums was a business expense.[2]

C. The claim for refund was filed within time and suit was filed within the limitation period after its rejection. The claim is not barred by the applicable statute of limitations.[3]

---

2d 704 without affecting the rule announced above; Reading Co. v. Commissioner, 3 Cir., 132 F.2d 306, 307.

[2] Lock, Moore & Co., Ltd. v. Commissioner, 7 B.T.A. 1008, 1013; Dominion Natl. Bank v. Commissioner, 26 B.T.A. 421.

[3] Pacific Mills v. Nichols, 1 Cir., 72 F.

2d 103; Hills v. United States, 50 F.2d 302, 73 Ct.Cl. 128. While the statute of limitations was plead by the government in this case, it was not asserted as a defense at the time of the trial nor was the proposition briefed by the government upon request for briefs on the question involved in the case.