LEONARD FISHER v. G. A. JONES, JR., COMMISSIONER, NORTH CAROLINA DEPARTMENT OF REVENUE

No. 724SC557

(Filed 23 August 1972)

**1. Taxation § 31— sales tax — coin-operated laundry**

A coin-operated laundry is a "launderette" or "launderall" as those terms are used in the sales tax statute, G.S. 105-164.4(4).

**2. Taxation § 31— sales tax — coin-operated laundry — due process — equal protection**

Retail sales tax imposed by G.S. 105-164.4(4) on the operator of a coin-operated laundry does not deprive such operator of property without due process and equal protection on the ground that "there is no means by which to effect collection," the tax being a privilege or license tax on retailers and not a tax on purchasers and consumers.

APPEAL by plaintiff from *Rouse, Judge,* 28 February 1972 Session, Superior Court, ONSLOW County.

Plaintiff operated a coin-operated laundry at the New River Shopping Center in Jacksonville, North Carolina. On 2 April 1971, plaintiff filed his sales and use tax report for the month of March, 1971 reporting gross receipts subject to sales tax of $6,143.69. He paid a 3% retail sales tax on this amount, less a "merchant's discount," or a total of $178.78. At the same time plaintiff made demand upon defendant for a refund of said amount and following its denial, plaintiff instituted this action pursuant to G.S. 105-267. Plaintiff alleged that the levy of a 3% sales tax on gross receipts received from "businesses known as launderettes and launderalls" as provided under G.S. 105-164.4(4) was unconstitutional. Pursuant to Rule 16, G.S. 1A-1, a pretrial conference was held wherein certain stipulations were entered into including the following: "The plaintiff owns and operates a 'coin-operated laundry,' a commercial estabment in which automatic washing machines, dryers and dry-cleaning machines are installed for the use and convenience of the general public." Upon completion of the trial without jury, the court entered certain findings of fact and concluded as a matter of law:

"1. The plaintiff's business, referred to in paragraph 3 of the Findings of Fact, above, as a 'coin-operated laundry' is a 'launderette' or 'launderall' as those terms are used in G.S. 105-164.4(4) and is subject to the tax levied upon laundries in G.S. 105-164.4(4);

2. Section 105-164.4(4) of the North Carolina General Statutes does not violate either the 'due process' or 'equal protection' provisions of the Constitution of North Carolina or of the Constitution of the United States, as the same apply to the plaintiff in this action."

Plaintiff excepted to the dismissal of his action and appealed.

*Worth B. Folger for plaintiff appellant.*

*Attorney General Morgan, by Assistant Attorney General Banks, for the State.*

MORRIS, Judge.

[1]  Plaintiff contends that his "coin-operated laundry business" is not included within the definition of "launderette" or "launderall," and the trial court erred in finding his business subject to a sales tax under G.S. 105-164.4(4). G.S. 105-164.26 provides that "to prevent evasion of the retail sales tax, it shall be presumed that all gross receipts of . . . retailers are subject to the retail sales tax until the contrary is established by the proper records. . . ." Webster's Third New International Dictionary (1968) defines launderette as "a commercial establishment in which automatic washing machines are installed for the use of individual customers." The language is almost identical to that of plaintiff's stipulation describing the nature of his business.

Abiding by the elementary rule of statutory construction that words must be given their common and ordinary meaning, we deem the trial court's conclusion inescapable. *Duke Power Co. v. Clayton, Comr. of Revenue,* 274 N.C. 505, 164 S.E. 2d 289 (1968). (See also the annotation in 87 A.L.R. 2d 1007 where in the words "automated self-service laundries," "laundromats" and "launderettes" are used interchangeably.) The catch-all provision of G.S. 105-164.4(4) "or any similar type business" would encompass plaintiff's "coin-operated laundry" conceding, *arguendo,* that plaintiff's business was not otherwise subject to the sales tax. This assignment of error is overruled.

[2]  It is exceedingly difficult to determine from plaintiff's brief on what grounds he wishes to base his attack of the con-

stitutionality of Section 105-164.4(4) of the General Statutes. *Sykes v. Clayton, Comr. of Revenue,* 274 N.C. 398, 163 S.E. 2d 775 (1968). It does appear, however, that plaintiff's main contention is the sales tax as provided under said statute deprives him of property without due process and equal protection because "there is no means by which to effect collection." Plaintiff erroneously contends that G.S. 105-164.4 imposes a tax on purchasers or consumers when by its very language, it explicitly states that it is a "privilege or license tax" upon retailers. *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 123 S.E. 2d 582 (1962). The tax may be passed on to the purchaser by adding it to the purchase price which constitutes a debt from purchaser to retailer until paid; but failure to charge or collect the tax from purchaser does not relieve the retailer of any tax liability. G.S. 105-164.7. Justice Moore, speaking for the Supreme Court in *Canteen Service v. Johnson, Comr. of Revenue, supra,* with respect to vending machine sales said:

> ". . . The retailer is not to be excused from liability merely because it is to his advantage to make use of a method of selling which will not permit him to keep a proper record of sales or to make the collections required by law." 256 N.C., at pp. 163-164.

The Court in that case went on to say that a sales tax on retailers who sell merchandise through vending machines (including items sold for less than ten cents where it is impossible to recoup the tax from the purchaser) did not violate constitutional provisions relating to due process and equal protection (Constitution of North Carolina, Article I, Section 19; Constitution of the United States, Amendment XIV).

> "The North Carolina law imposes the sales tax on all retailers, as a class, and applies it alike in its exactions and exemptions to all persons belonging to the prescribed class. Perfect equality in the collection of the tax by retailers from consumers is, as a practical matter, impossible as between almost any two or more retailers by reason of the differences in types of merchandise sold and selling methods. '. . . If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict.' *Fox v. Standard Oil Co.,* 294 U.S. 87, 102." 256 N.C., at pp. 165-166.

The same must be held true in this case, and plaintiff's assignment of error cannot be sustained.

Upon careful review of the evidence presented herein, all other things notwithstanding, plaintiff has failed to meet his burden of showing financial loss by reason of the retail sales tax as administered. For all the above mentioned reasons, the decision of the trial court must be

Affirmed.

Judges BROCK and HEDRICK concur.