RENT-A-CAR COMPANY, INC. v. MARK G. LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 7810SC257

(Filed 20 February 1979)

1. **Taxation § 31.3— rental of vehicles—payment of sales tax on rentals—sale of vehicles to individuals—exemption from sales tax**

   A company engaged in the business of renting and leasing motor vehicles is entitled under G.S. 105-164.4(1) to an exemption from sales tax on the sale of its rental and lease vehicles to private individuals where it paid the sales tax on the rental and lease of the vehicles.

2. **Taxation § 38.3— payment of assessment in installments—demand for refund after last installment**

   Where a taxpayer and the Department of Revenue agreed on an installment plan for the taxpayer's payment of a sales tax assessment, the taxpayer made a timely demand for a refund of the entire assessment, including each installment, where he made a written demand for refund within 30 days after payment of the last installment, it not being necessary to make a demand for a refund of each installment within 30 days after payment of the installment. G.S. 105-267.

APPEAL by plaintiff and defendant from *Brewer, Judge.* Judgment entered 8 February 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 10 January 1979.

Plaintiff, Rent-A-Car Company, Inc. ("Rent-A-Car") is engaged in the business of renting and leasing motor vehicles, with its principal office and place of business in Greensboro. Plaintiff paid the North Carolina retail sales tax imposed under Section 105-164.4 of the General Statutes of North Carolina on the rentals and leases of its cars. Between 1 August 1968 and 30 June 1971, plaintiff sold approximately 240 cars that had been in the inventory of cars used for renting and leasing. Fifty-three percent of

these sales were to private individuals and remainder to whole-sale retailers. Plaintiff did not collect or pay North Carolina sales tax upon any sales of the motor vehicles.

After examining plaintiff's business records in August 1971, the North Carolina Department of Revenue proposed an assessment of an additional sales tax, penalty and interest relative to plaintiff's sales of motor vehicles to private individuals. There were no assessments for sales tax on motor vehicles sold to wholesale retailers because those sales were for the purpose of resale.

Department of Revenue and plaintiff entered into an agreement in November 1971 that the balance due on the total assessed tax was $26,826.67, plus $626.61 in accrued interest. No penalty was assessed. Plaintiff and Department of Revenue agreed on a five month installment plan beginning 1 December 1971, with $3,000 payment each month and a final payment of $12,453.28.

Plaintiff remitted payments of $3,000 each in December 1971, January 1972, and February 1972 without demand for refund within 30 days after payment. Subsequently plaintiff remitted two payments of $3,000 each in March 1972 and the final payment of $12,453.28 in August 1972. By a letter of 28 March 1972, plaintiff notified Department of Revenue that payments were made under protest and demanded refund of all payments. Demand for refund of the entire tax was again made 10 August 1972, within 30 days of the final installment. Payments were not refunded, and on 12 January 1973, plaintiff brought this action.

Trial court granted plaintiff's claim for refund except for the payments of $3,000 each made in December 1971, January 1972 and February 1972. Trial court found plaintiff did not enter a timely demand (within 30 days of payment) for refund of those payments. From this judgment, plaintiff and defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for Secretary of Revenue of North Carolina, defendant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Howard L. Williams, for plaintiff.*

Rent-A-Car Co. v. Lynch, Sec. of Revenue

MARTIN (Harry C.), Judge.

Upon the appeal of both parties, two questions are presented. First, Mark G. Lynch, Secretary of Revenue of the State of North Carolina, appeals the trial court's ruling that Rent-A-Car is entitled to the exemption from sales tax on the sale of its rental and lease motor vehicles because a tax had been paid pursuant to N.C. G.S. 105-164.4(1). Second, Rent-A-Car appeals the trial court's ruling denying refund of the payments made in December 1971, January 1972, and February 1972 for the reason Rent-A-Car did not make demand for refund within 30 days of the payments, pursuant to N.C.G.S. 105-267.

[1] As to the first question, defendant contends the trial court erred in ruling the sales taxes paid on the rental and lease transactions satisfied the tax requirements of N.C.G.S. 105-164.4(1). It is defendant's contention plaintiff must pay a retail sales tax on motor vehicles used in the rental and leasing business that are sold to private individuals. Plaintiff maintains it is exempt from the sales tax on the sale of the cars because it paid the sales tax on the rental and lease of the cars.

A review of the tax imposed by N.C.G.S. 105-164.4(1) is essential to an understanding of the exemption. The retail sales tax is imposed upon persons engaged in the business of "selling tangible personal property at retail, renting or furnishing tangible personal property." N.C. Gen. Stat. 105-164.4(1). The statute imposes a tax rate of 3% on personal property, except that on motor vehicles the rate is 2% with a maximum of $120 per vehicle. N.C. Gen. Stat. 105-164.4(1). A use tax is imposed on motor vehicles with an exemption from the use tax if the sales tax is paid with respect to a motor vehicle. Under certain circumstances, the following exemption applies:

> The tax levied under this subdivision shall not apply to the owner of a motor vehicle who purchases or acquires said motor vehicle from some person, firm or corporation who or which is not a dealer in new and/or used motor vehicles if the tax levied under this Article has been paid with respect to said motor vehicle.

N.C. Gen. Stat. 105-164.4(1). Interpretation of this exemption is the subject of this appeal.

The language in the above exemption, "[t]he tax levied under this subdivision," refers to the sales or use tax imposed under N.C.G.S. 105-164.4. The exemption is granted to the "owner" of a motor vehicle. The defendant contends this exemption does not apply to a retailer such as plaintiff *and* to an owner. The defendant further contends the exemption is granted for the use tax which is a tax on the owner and not the sales tax which is a tax upon the retailer. We disagree with the defendant's contention in part.

The sales tax has been held to be primarily a privilege or license tax on retailers, *Canteen Service v. Johnson, Comr. of Revenue*, 256 N.C. 155, 123 S.E. 2d 582, 91 A.L.R. 2d 1127 (1962); *In re Oil Company*, 273 N.C. 383, 160 S.E. 2d 98 (1968), and not a tax on consumers, *Fisher v. Jones*, 15 N.C. App. 737, 190 S.E. 2d 663 (1972). The purpose of the use tax as indicated by the legislative histories of use and sales taxes is to "impose the same burdens on out-of-state purchases as the sales tax imposes on purchases within the state." *Pipeline Co. v. Clayton, Comr. of Revenue*, 275 N.C. 215, 166 S.E. 2d 671 (1969).

Even though the sales tax is primarily a license or privilege tax on retailers, *Canteen, supra*, the intent of the law is that the sales tax be passed on to the consumer. N.C. Gen. Stat. 105-164.7; *Manufacturing Co. v. Johnson, Comr. of Revenue*, 264 N.C. 12, 140 S.E. 2d 744 (1965). The law requires retailers to add the sales tax to the price of the article or items purchased. *Id.* Further, it is a misdemeanor for a retailer to offer to absorb the sales tax for the customer. N.C. Gen. Stat. 105-164.9. However, the retailer's failure to collect the sales tax does not excuse the retailer's liability for the tax. N.C. Gen. Stat. 105-164.7.

In some instances, the law does not allow the retailer to collect a sales tax. One of those instances is when the total amount of a sale is less than ten cents. N.C. Gen. Stat. 105-164.10. Even though the retailer is not allowed to collect the tax from customers on sales of less than ten cents, the retailer is still liable for the retail sales tax on the gross receipts derived. N.C. Gen. Stat. 105-164.10; *Canteen, supra*. This was specifically the incident that occurred in *Canteen*, where the taxpayer operated vending machines which sold items for a price of less than ten cents. The Commissioner contended taxpayer was liable for a sales tax on

Rent-A-Car Co. v. Lynch, Sec. of Revenue

these sales. The taxpayer/retailer contended he should not have to pay the tax because the sales tax was a consumer's tax and the taxpayer/retailer was prohibited from charging the customers. The Court ruled for the Commissioner on the ground that a sales tax is a tax on the retailer, for which the retailer is liable even if the tax cannot be collected from the customer.

The case *sub judice* is distinguishable from *Canteen*. Under this exemption, the owner/purchaser is exempt from payment of a sales or use tax under the Article for the reason that a tax imposed by the Article has been paid. Plaintiff paid a sales tax on the rental tranactions, which was a tax levied under this Article. Further, plaintiff is "not a dealer in new and/or used motor vehicles," a fact not contested by the defendant. N.C. Gen. Stat. 105-164.4(1). Where an owner is exempt from payment of sales tax because his retailer has already paid a tax imposed by the Article, the retailer should also be exempt from such sales tax. We hold this exemption prevents a sales tax from being levied against Rent-A-Car on motor vehicles sold by it to private individuals after it has paid sales tax on the rental and leasing of such vehicles.

[2] The second question, raised on appeal by Rent-A-Car, is the trial court's denial of refund for payments made in December 1971, January 1972, and February 1972 for the reason that plaintiff's demand for refund was not timely. The pertinent provisions of the statute are:

> Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax to the proper officer, and such payment shall be without prejudice to any defense of rights he may have in the premises. *At any time within 30 days after payment, the taxpayer may demand a refund of the tax paid in writing from the Secretary of Revenue* and if the same shall not be refunded within 90 days thereafter, may sue the Secretary of Revenue in the courts of the State for the amount so demanded.

N.C. Gen. Stat. 105-267 (emphasis added). It is well established in the law that a taxpayer may not challenge the levying of a tax by withholding payment until the matter is settled. *Enterprises, Inc. v. Dept. of Motor Vehicles*, 290 N.C. 450, 226 S.E. 2d 336 (1976).

The taxpayer's remedy against the collection of a tax is to remit payment and then demand refund. *Id.* The defendant contends plaintiff was required to enter a demand for refund within 30 days after payment of each installment. Defendant relies solely upon the decision in *Power Co. v. Clay County*, 213 N.C. 698, 197 S.E. 603 (1938), where plaintiff failed to enter a protest at the time of payments as the statute then required. The statute at that time required payment of the tax and notification in writing that payment was under protest. The Court concluded protest was to be filed at the time of the payment. In 1957, the General Assembly deleted the protest requirement and replaced it with the demand provision substantially as it reads today. The application of this statute to intallment payments of the tax liability was not considered in *Power Co., supra.*

The statute requires a demand for refund in writing within 30 days after payment of the tax. We must determine when payment occurred. Plaintiff made payments under an installment agreement. We are concerned here with whether "payment" for the purposes of this statute occurred after the payment of each installment or after payment of the final installment. Federal cases have dealt with this problem in a federal statute for refunding of taxes, requiring claims for refund to be presented "within three years next after the payment of such tax." Revenue Act of 1926, G.S. ch. 27, § 319(b), 44 Stat. 81 (current version at I.R.C. § 6511 (1978)). *See* 94 A.L.R. 978 (1935). The payment of the tax was held to have occurred upon the payment of the last installment. *Tait v. Safe Deposit & Trust Co. of Baltimore*, 78 F. 2d 534 (4th Cir. 1935), *aff'g*, 8 F. Supp. 634 (D. Md. 1934); *United States v. Magoon*, 77 F. 2d 804 (9th Cir. 1935); *Union Trust Co. v. United States*, 70 F. 2d 629 (2nd Cir. 1934), *cert. denied*, 293 U.S. 564, 79 L.Ed. 664 (1934); *United States v. Clarke*, 69 F. 2d 748 (3rd Cir. 1934), *cert. denied*, 293 U.S. 564, 79 L.Ed. 664, 94 A.L.R. 975 (1934); *Hills v. United States*, 55 F. 2d 1001 (Ct. Cl. 1932); *Braun v. United States*, 46 F. Supp. 993 (Ct. Cl. 1934), *cert. denied*, 295 U.S. 760, 79 L.Ed. 1702 (1935). In this case, plaintiff was charged with a total tax assessment of $26,826.67 plus interest accrued of $626.61, totalling $27,453.28. This amount was a single tax bill. The Department of Revenue merely granted the plaintiff a grace period for the payment of the tax by the installment agreement. The statute requires demand within 30 days after payment of the

tax. We hold payment occurred upon payment of the final install-ment. Therefore plaintiff's demand for refund of the total tax assessment, including each installment, was timely entered. The trial court's denial of refund for the payments in December 1971, January 1972, and February 1972 is reversed. We hold plaintiff is entitled to refund of these payments plus interest.

The result is, plaintiff is entitled to refund of the entire tax and interest paid, $27,453.28, together with applicable interest.

Affirmed in part and reversed in part.

Chief Judge MORRIS and Judge CARLTON concur.