IN THE MATTER OF: The Petition of SING OIL COMPANY for Judicial Review of the Decision of the Tax Review Board Concerning an Assessment of Gasoline Taxes for the Period From January 1, 1955, Through December 31, 1957.

(Filed 15 January, 1965.)

**Taxation § 29—**

An oil company having fuel oil delivered on its order to another oil company direct from the port terminal is a distributor within the meaning of the statute and liable for the tax imposed by the statute and is entitled to the tare or deduction specified therein. G.S. 105-434.

APPEAL by Petitioner from *Copeland, S. J.*, May 1964 Assigned Non-Jury Civil Session of WAKE.

Sing Oil Company (Sing), a licensed distributor of motor fuels, required to account for taxes as prescribed by Art. 36, § 105, was, on April 24, 1958, charged by the Commissioner of Revenue with failing to pay all of the taxes for which it was liable. An assessment was made for the balance asserted to be owing. Sing denied liability, contending the Commissioner had misinterpreted the statute imposing the tax. It sought an administrative review, as permitted by G.S. 105-241.2. The Tax Review Board sustained the assessment. Sing, authorized by G.S. 105-241.3, appealed to the Superior Court. The Superior Court affirmed the Tax Review Board's decision. Sing excepted and appealed.

*Bunn, Hatch, Little & Bunn and E. Richard Jones, Jr., for appellant.*
*Attorney General Bruton, Deputy Attorney General Abbott and Assistant Attorney General Barham for appellee.*

RODMAN, J. A tax of seven cents per gallon is, by G.S. 105-434, levied on all motor fuels, sold, distributed or used in this State. So far as pertinent to a decision in this case, the taxing statute provides:

"The tax hereby imposed and levied shall be collected and paid by the distributor producing, refining, manufacturing, or compounding within this State, or holding in possession within this State motor fuels for the purpose of sale, distribution, or use within the State * * *. For the purpose of determining the amount of tax, it shall be the duty of every distributor to transmit to the Commissioner of Revenue not later than the twentieth day of each month, upon forms prescribed and furnished by such Commissioner, a report under oath or affirmation showing the quantity of motor fuel sold, distributed, or used by such distributor within this State during the preceding calendar month, and such other infor-

mation as the said Commissioner may require: Provided, that any distributor may, if he elects to do so, use as the measure of the tax levied and assessed against him by this section the gross quantity of motor fuel purchased, produced, refined, manufactured, and/or compounded by such distributor, plus the amount of motor fuel on hand at the beginning of the period when such method of computation is used, less a tare of two per cent (2%) on gross monthly receipts of motor fuels not exceeding 150,000 gallons, and less a tare of one and one-half per cent (1½%) on gross monthly receipts of such fuel in excess of 150,000 gallons and not exceeding 250,000 gallons, and less a tare of one per cent (1%) on gross monthly receipts of such fuels in excess of 250,000 gallons."

The Director of the Gasoline Tax Division, in a memorandum filed with the Tax Review Board, stated the facts and the reasoning which led to the assessment. He said: "The assessment was the result of the auditor having disallowed tare allowance taken by Sing Oil Company on sales made to Tops Petroleum Corporation of Durham, North Carolina. Tops Petroleum hired Kenan Petroleum Corporation of Durham, North Carolina, to haul the gasoline from Arkansas Fuel Oil Corporation's terminals at Wilmington and Greensboro and paid Kenan Transport the freight. Therefore, since Sing Oil Company made sales to Tops Petroleum for which it furnished transportation direct from the terminals, Sing Oil Company was not entitled to the tare allowance and Auditor Goodrum disallowed the tare taken on such sales."

The tax imposed by G.S. 105-434 is a privilege tax. *Stedman v. Winston-Salem*, 204 N.C. 203, 167 S.E. 813. The distributor may determine his tax liability by either of two methods. He may compute his liability on his monthly sales, or on his monthly purchases. If he elects to use purchases to determine liability, he is entitled to a tare on his receipts.

Appellee contends Sing is not entitled to a tare or deduction from the quantity of gasoline purchased by it and resold to Tops Petroleum, another licensed distributor. Sing, it says, is not entitled to the tare because Tops employed and paid the transportation company for carrying the gasoline from the tanks of the producer, as authorized by Sing, to the tanks of Tops.

If the State's position is correct, no tare or deduction can be claimed by anyone on the sales made by Sing to Tops. The tax is payable by the first distributor, G.S. 105-431. Sing is admittedly liable for the tax. Tops has no tax liability for gas purchased from Sing. Since it has no tax liability, it can not claim credit for the tare.

The word "receipt" as used in the statute, G.S. 105-434, in our opinion, means gasoline purchased for resale or for use by the purchasing distributor. Unless given that meaning, Sing would not be liable for the tax, since, as to the gasoline purchased and sold Tops, it would not be a statutory distributor, defined as: "Any person * * * that has on hand or in his or its possession in this State or that produces, refines, manufactures or compounds such motor fuels in this State for sale, distribution or use herein." The delivery of the gasoline to Tops on Sing's order constituted technical possession and receipt by Sing. It is liable for the tax on its purchases and entitled to the tare on such purchases.

Reversed.