IN THE MATTER OF THE PETITION OF NEWSOM OIL COMPANY FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION NUMBER 96 OF THE TAX REVIEW BOARD CONCERNING AN ASSESSMENT OF INTANGIBLES TAX FOR THE YEARS 1960, 1961, AND 1962.

(Filed 27 March 1968.)

1. **Taxation § 14—**
   The tax on motor fuels imposed by G.S. 105-434 is a privilege tax.

2. **Taxation §§ 29, 30—**
   Taxes on gasoline collected by a licensed distributor and held for remittance to the Commissioner of Revenue pursuant to G.S. 105-434 are "taxes of any kind owing by the taxpayer" and cannot be deducted by the distributor from its accounts receivable as an account payable in computing intangibles tax liability. G.S. 105-201.

3. **Taxation § 35—**
   It is not unusual for the tax statute, as an aid to enforcement, to make the taxpayer a trustee or agent of the State for the purpose of collecting and remitting taxes. G.S. 105-144, G.S. 105-164.7.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by petitioner from *Bailey, J.,* August 1967 Assigned Nonjury Civil Session of WAKE. Docketed and argued as Case No. 531, Fall Term 1967, and docketed as Case No. 527, Spring Term 1968.

In re Oil Company.

This is a civil action heard by his Honor James H. Pou Bailey upon the petition of Newsom Oil Company for judicial review of administrative decision No. 96 of the Tax Review Board pursuant to the terms of G.S. 105-241.3 and Article 33 of Chapter 143 of the General Statutes of North Carolina.

From an adverse judgment, petitioner appeals to the Supreme Court.

*Hatch, Little, Bunn & Jones by E. Richard Jones, Jr., for petitioner appellant.*

*Attorney General T. W. Bruton and Assistant Attorney General Robert L. Gunn for respondent appellee.*

PARKER, C.J. Appellant Newsom Oil Company is a distributor of motor fuels as defined in G.S. 105-430(2) and is licensed pursuant to G.S. 105-433. As such, appellant is required to account for gasoline taxes as prescribed by Article 36, Chapter 105 of the General Statutes. In computing its intangibles tax liability pursuant to Article 7, Chapter 105, appellant deducted from accounts receivable for the years 1960, 1961, and 1962 the amount of gasoline taxes it had collected for the State of North Carolina as of the taxable date. The Commissioner of Revenue disallowed the deduction and assessed additional intangibles tax for each year involved in the total amount of $168.76 plus interest, the actual amount of which tax is not in dispute. Appellant gave notice of protest and was granted a hearing before the Commissioner. The Commissioner concluded, by order dated 7 April 1966, that the gasoline taxes taken as a deduction were taxes owed by the taxpayer and thus were not deductible from accounts receivable as an account payable under G.S. 105-201. Newsom Oil Company sought administrative review of the ruling of the Commissioner of Revenue as permitted by G.S. 105-241.2. The Tax view Board to the effect that in computing intangibles tax liapeal by Newsom Oil Company to the Superior Court, the judgment of the Tax Review Board was affirmed.

The appellant has five assignments of error. These assignments of error present in essence the following question as stated in petitioner's brief:

"Did His Honor err in overruling Petitioner's exceptions to and in affirming Administrative Decision No. 96 of the Tax Review Board to the effect that in computing intangibles tax liability, a licensed distributor of motor fuels is not entitled to deduct from accounts receivable, as an account payable, the

amount of motor fuel tax collected and held by that distributor for remittance to the State of North Carolina?"

Chapter 105, Article 7, levies a tax on certain intangible personal property enumerated and defined therein. G.S. 105-201 provides that: "All accounts receivable on December thirty-first of each year, having a business, commercial or taxable *situs* in this State, shall be subject to an annual tax, which is hereby levied, of twenty-five cents (25¢) on every one hundred dollars ($100) of the face value of such accounts receivable . . . Provided, that from the face value of such accounts receivable there may be deducted the accounts payable of the taxpayer as of the valuation date of the accounts receivable. . . ." The statute further provides that the term "accounts payable" shall not include "(2) Taxes of any kind owing by the taxpayer."

Newsom Oil Company contends that gasoline taxes which it holds pending the date on which such amounts are required to be transmitted to the Commissioner of Revenue are not "taxes of any kind owing by the taxpayer," but are accounts payable and thus deductible from accounts receivable under the Statute. The Commissioner of Revenue contends that the gasoline tax is a tax owed by Newsom Oil Company, and is thus not deductible.

If the gasoline tax is in fact a tax and is owed by Newsom Oil Company, it may not be taken as a deduction from accounts receivable by appellant in computing its intangibles tax liability. G.S. 105-201. G.S. 105-434 provides: "There is hereby levied and imposed a tax of seven cents per gallon on all motor fuels sold, distributed, or used within this State. *The tax hereby imposed and levied shall be collected and paid by the distributor* producing, refining, manufacturing, or compounding within this State, or holding in possession within this State motor fuels for the purpose of sale, distribution, or use within the State, and shall be paid by such distributor to the Commissioner of Revenue in the manner and at the times hereinafter specified. . . ." (Emphasis added.) The statute further requires all licensed distributors to file reports with the Commissioner of Revenue not later than the twentieth day of each month showing the quantity of motor fuels sold, distributed, or used by such distributor in North Carolina during the preceding calendar month. At its election, the distributor may compute the amount "of the tax levied and assessed against him by this section" on the fuel received during the month, plus the amount of fuel on hand at the beginning of the period, by deducting a tare allowance of 2% on the first 150,000 gallons, plus 1½% on all fuel exceeding 150,000 gallons and not exceeding 250,000 gallons, plus 1% on all in excess of 250,000 gallons.

G.S. 105-431 provides: "The purpose of this article is to provide for the payment and collection of a tax on the first sale of motor fuels when sold, or the use, when used, in this State; double taxation is not intended. Motor fuels manufactured, produced or sold for exportation, and exported are not taxable and should not be included in the reports hereinafter required to be made by distributors." G.S. 105-432 provides: "In the administration of this article the first sale shall not be construed to embrace the sale in tank car shipments from port terminals to licensed distributors within the State, but the tax hereinafter levied on such motor fuel *shall be levied against and paid by such licensed distributor.*" (Emphasis added.)

G.S. 105-436 requires that: "Every distributor, at the time of making the report required by § 105-434, *shall pay to the Commissioner of Revenue, the amount of tax due* for the month covered by such report. . . ." (Emphasis added.)

The tax imposed by G.S. 105-434 is a privilege tax. *In re Oil Co.,* 263 N.C. 520, 139 S.E. 2d 599; *Stedman v. Winston-Salem,* 204 N.C. 203, 167 S.E. 813. The distributor may determine his tax liability by either of two methods. He may compute his liability on his monthly sales, or on his monthly purchases. If he elects to use purchases to determine his tax liability, he is entitled to a tare on his receipts.

The Court construed G.S. 105-431 and G.S. 105-434 in the case of *In re Oil Co., supra.* In that case Sing was a licensed distributor of motor fuels and had elected to compute the gasoline tax levied and assessed against it by using its receipts, and had taken the tare allowance allowed in G.S. 105-434. The Commissioner of Revenue disallowed the tare allowance and assessed a deficiency because Sing never had actual possession of the gasoline. The arrangement between Sing Oil Company and its customer, Tops Petroleum Corporation, was as follows: Sing made sales to Tops. Tops had hired Kenan Petroleum Corporation to haul the gasoline from the terminals of Arkansas Fuel Oil Corporation at Wilmington and Greensboro to Tops' place of business in Durham. Since Kenan actually picked up the fuel from the Arkansas Fuel Oil Corporation's tanks in Wilmington and Greensboro and delivered it to Tops in Durham, the Commissioner contended that Sing never had actual possession of the fuel and was not entitled to the tare allowance. The Court held that the lack of actual possession did not deprive Sing of the right to the tare allowance. The Court said: "If the State's position is correct, no tare or deduction can be claimed by anyone on the sales made by Sing to Tops. *The tax is payable by the first distributor,* G.S. 105-431. *Sing is admittedly liable for the tax.* Tops has no tax liability for gas purchased from Sing. Since it has no tax liability, it cannot claim credit

for the tare." (Emphasis added.) The Court held that the delivery of the gasoline to Tops on Sing's order constituted technical possession and receipt by Sing, and that Sing was liable for the tax on its purchases and thus entitled to the tare on such purchases.

Appellant bases its main argument upon G.S. 105-444, which provides that a licensed distributor is "an agent or trust officer of the State for the purpose of collecting the tax on the sale of gasoline imposed in this article." Thus, appellant contends that it is not a taxpayer, but merely a tax collector. However, this is not an unusual provision in the tax laws as an aid to enforcement and collection. G.S. 105-164.7 provides that the sales tax levied on tangible personal property "shall be paid by the purchaser to the retailer as trustee for and on account of the State and the retailer shall be liable for the collection thereof and for its payment to the Commissioner. . . ." There is no question but that the sales tax is still a tax on the retailer. G.S. 105-164.4.

G.S. 105-434 places the burden on the distributor to pay the tax to the Commissioner of Revenue. When the language of a statute is plain and free from ambiguity, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly. *Davis v. Granite Corp.*, 259 N.C. 672, 131 S.E. 2d 335; *Long v. Smitherman*, 251 N.C. 682, 111 S.E. 2d 834. The Legislature has the power to change the law. The Court must construe the law as written. Gasoline taxes held for remittance to the Commissioner of Revenue are certainly "taxes of any kind owing by the taxpayer," and thus are not deductible from accounts receivable under G.S. 105-201 in computing intangible tax liability.

All appellant's assignments of error are overruled. The judgment entered below is

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.