RENT-A-CAR COMPANY, INC. v. MARK G. LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 55

(Filed 6 November 1979)

**Taxation § 31.3— payment of sales taxes on rental of vehicles—sale of vehicles to individuals—no exemption from sales tax**

A company engaged in the business of renting and leasing automobiles is not entitled under G.S. 105-164.4(1) to an exemption from sales tax on the sale

of its rental and lease vehicles to private individuals not for resale because it paid sales taxes on the rental and lease of its vehicles.

Justice CARLTON took no part in the consideration or decision of this case.

HEARD on discretionary review under G.S. 7A-31 of an opinion and judgment of the Court of Appeals reported at 39 N.C. App. 709, 251 S.E. 2d 917 (1979).

Plaintiff Rent-A-Car Company, Inc. is a North Carolina corporation with its principal place of business in Greensboro, North Carolina. Plaintiff's primary business is the renting and leasing of automobiles. During the period August 1, 1968 through June 30, 1971 plaintiff sold approximately 240 cars that had been in its inventory of cars used for renting and leasing. Fifty-three percent of these sales were to private individuals not for resale with the remainder to retailers for resale. Plaintiff collected no North Carolina sales tax upon the sale of the vehicles. The parties hereto have agreed that no tax was due on the sale of motor vehicles to wholesale and retail car dealers, for such cars were sold for resale. The question which faces us is plaintiff's liability for sales tax on the cars sold to private individuals not for resale.

During the period which these cars were leased by plaintiff Rent-A-Car Company, plaintiff calculated and paid all sales taxes due pursuant to G.S. 105-164.4 for such leases and rentals. After an audit of plaintiff's books, the defendant, Secretary of Revenue, determined that plaintiff was required to pay sales tax on the ultimate sale of the automobiles to individuals not for resale as well as the tax on their rental. On this basis the defendant issued an assessment of proposed deficiencies in sales tax in the amount of $32,808.01 for the period August 1, 1968 through June 30, 1971. Following the assessment, on or about November 9, 1971, plaintiff agreed with defendant that the remaining balance due for the assessed tax was $26,826.67 plus $626.61 accrued interest. This amount allegedly due was to be paid in installments beginning December 1, 1971. There were to be five payments of $3,000 and a final payment of $12,453.28. On 28 March 1972 plaintiff made a written demand for full refund of all payments made in December 1971, and January, February and March 1972. This letter also served as notice to defendant that all such payments were made under protest. Subsequent to this letter plaintiff made another payment on 31 March 1972, and the last installment of $12,453.28

was made on August 10, 1972. This final remittance was accompanied by a second written demand that this payment and all other payments previously made pursuant to the aforesaid sales tax deficiency be refunded.

Judge Brewer at the 30 January 1978 session of Wake County Superior Court determined that plaintiff was entitled to a refund for additional sales taxes assessed and paid for the sale of motor vehicles to individuals not for resale between August 1, 1968 and June 30, 1971 for which timely demand under the provisions of G.S. 105-267 was made. Judge Brewer refused a refund of the taxes paid in December 1971 as well as January and February 1972 for he found plaintiff did not make timely demand therefor as required by G.S. 105-267. The Court of Appeals affirmed the trial court in its decision that the refund was due, however found the demand timely, and determined plaintiff was entitled to a refund of the entire tax paid together with applicable interest.

*Attorney General Rufus L. Edmisten by Assistant Attorney General George W. Boylan for the Secretary of Revenue, defendant appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard by Howard L. Williams for plaintiff appellee.*

BROCK, Justice.

We disagree with the opinion of the Court of Appeals and therefore reverse its judgment, and remand this cause to the Court of Appeals for further remand to the Superior Court, Wake County, with directions that the judgment for plaintiff be vacated, and for entry of judgment for defendant and dismissal of this action with costs to plaintiff.

In its argument to this Court plaintiff appellee contends it is entitled to a full refund of sales tax paid on the ultimate sale of its lease and rental motor vehicles. It claims an exemption from such tax based on its prior payment of sales tax on the lease and rental of the same automobiles during the period August 1968 through June 1971. The sales tax exemption relied on by plaintiff is contained within N.C.G.S. 105-164.4 and provides as follows:

"The [sales] tax levied under this subdivision shall not apply to the owner of a motor vehicle who purchases or acquires

said motor vehicle from some person, firm or corporation, who or which is not a dealer in a new and/or used motor vehicles if *the tax* levied under this Article has been paid with respect to said motor vehicle."[1] (Emphasis added.)

Plaintiff contends the tax paid on the renting of the automobiles is *the tax* under G.S. 105-164.4, and upon its payment it comes within the above exemption and is required to pay no further tax.

In reading this exemption in the context of the remainder of G.S. 105-164.4, it is clear that the purpose of the exemption is to prevent the levying of a second 2% sales tax on a sale by a non-dealer where the same tax has already been imposed on the original retail sale. Here even though sales tax was collected on the lease and rental of the motor vehicles, the ultimate sale of the rental car is nevertheless a separate taxable transaction. Paying a sales tax on the ultimate sale of these automobiles to individuals not for resale does not duplicate the prior tax paid on the renting and leasing, and it is from the duplication of a tax paid earlier which the exemption provides protection.

Plaintiff relies on N.C.G.S. 105-164.3(15) which defines "sale" as follows:

"any transfer of title or possession or both, exchange, barter, *lease* or *rental* of tangible personal property . . . ." (Emphasis added.)

On the basis of this language which makes a lease a taxable transaction under the Sales and Use Tax Act, plaintiff argues its payment of a tax on the leasing and rental of the cars, constituted *the sales tax* due under N.C.G.S. 105-164.4, and it is therefore within the statutory exemption noted above. G.S. 105-164.2 in defining the purpose of the North Carolina Sales and Use Tax Act notes that, "[t]he taxes herein imposed shall be in addition to all other license, privilege or excise taxes . . . ." In making these sales and use taxes additional taxes, the intent of our legislature was to levy a tax on the full sale price of tangible personal property. In allowing plaintiff to exempt itself from taxation by the prior payment of a sales tax on the leases and rentals, the intent of the legislature is clearly thwarted. "A part of a statute may

---

1. N.C.G.S. 105-164.3, 164.4, 164.6 were amended and rewritten by 1979 Session Laws, Chapter 48, to become effective July 1, 1979 and as amended are not applicable to this controversy.

not be interpreted out of context so as to render it inharmonious to the intent of the act, but must be construed as a part of the whole." *Canteen Service v. Johnson Comm. of Revenue,* 256 N.C. 155, 160, 123 S.E. 2d 582, 585 (1961). *See also Watson Industries v. Shaw,* 235 N.C. 203, 69 S.E. 2d 505 (1952); *State v. Barksdale,* 181 N.C. 621, 107 S.E. 505 (1921). If we were to interpret the language of 105-164.4 as requested by the plaintiff, the following result is possible: Plaintiff could purchase an entire fleet of automobiles and rent these automobiles for one week paying the sales tax due on the money received from the week's rentals. After renting these vehicles for one week, plaintiff could then proceed to sell these cars to individuals not for resale, and be exempt from payment of further sales tax based on the tax previously paid on the one week's rental. Clearly such a result is incongruous with the purpose of the Sales and Use Tax Act.

As we have previously noted the language of 105-164.3(15) defines a sale as including a lease or rental. By this language a lease is made a taxable event under G.S. 105-164.4, and as the Court of Appeals noted, plaintiff "paid *a* sales tax on the rental transactions." (Emphasis added.) Payment of a tax on the leases and rentals however, was not a prior payment of the sales tax on a retail sale which is required to come within the exemption of G.S. 105-164.4.

Finally, we note that to come within the tax exemption, the burden is on the party claiming to be within the exemption to bring himself within its parameters. *Sabine v. Gill,* 229 N.C. 599, 605, 51 S.E. 2d 1, 5 (1948); *Canteen Service v. Johnson,* 256 N.C. 155, 163, 123 S.E. 2d 582, 587 (1961). We find no evidence in the record as to whether or not sales tax has ever been paid on these motor vehicles [other than on the leases and rentals]. In the absence of such proof plaintiff has failed to meet its burden of bringing itself within the exemption of 105-164.4.

We conclude that the leasing of automobiles and the ultimate sale of the same vehicles to individuals not for resale are two separate transactions; each subject to taxation. We also hold that payment by the plaintiff of a sales tax on the leasing and rental of the automobiles does not exempt it from payment of sales tax upon its ultimate sale to individuals not for resale. Since we have determined that plaintiff is obligated to pay the taxes

State Bar v. DuMont

assessed, we do not reach the issue of the timeliness of its demand for refund.

Reversed and remanded.

Justice CARLTON took no part in the consideration or decision of this case.