CAROLINA-ATLANTIC DISTRIBUTORS, INC., a corporation, Trustee for Commissioner of Revenue of the State of North Carolina, CAROLINA-ATLANTIC DISTRIBUTORS, INC. v. TEACHEY'S INSULATION, INC., a corporation; BENNIE TEACHEY, JR., and JANICE F. TEACHEY

No. 8011DC853

(Filed 5 May 1981)

1. **Taxation § 31– sales taxes – claim as trustee for Secretary of Revenue**

    Plaintiff's claim as trustee for the Secretary of Revenue to recover sales taxes from defendants was properly dismissed where plaintiff had previously paid the sales taxes and penalty, since the Secretary had no further claim for which plaintiff, or anyone else, could collect as trustee.

2. **Taxation § 31– sales taxes – failure of retailer to collect – claim against purchaser**

    Plaintiff retailer could not collect from defendant purchaser for sales taxes on insulating materials sold by plaintiff to defendant where plaintiff failed to add sales taxes to the sales price of the insulating material at the "time of selling or delivering or taking an order" as required by G.S. 105-164.7.

APPEAL by defendants from *Pridgen, Judge*. Judgment entered 20 June 1980 in District Court, LEE County. Heard in the Court of Appeals 13 March 1981.

Stipulated facts upon which the trial court based its ruling reflect that from 6 August 1975 to 22 June 1977 plaintiff sold to the corporate defendant $87,879.96 worth of insulating material. On 8 August 1978 the North Carolina Department of Revenue determined that a three percent sales tax was due on the sales and assessed plaintiff taxes plus interest in the total amount of $2,886.81. Plaintiff paid the full amount of tax and interest to the Department of Revenue.

Alleging that it was acting as trustee for the Secretary of Revenue of the State of North Carolina plaintiff brought suit against the corporate defendant for the collection of the tax and, in a second cause of action, alleged that the individual defendants personally had guaranteed the corporate account.

Further stipulations indicate that the tax was not collected at the time of the sale, that defendants paid the sales tax on the one invoice on which plaintiff billed the tax, and that the individual defendants were liable for any amounts due plaintiff.

Plaintiff's cause of action as trustee for the Secretary was dismissed by the trial court, and judgment in the amount of the tax assessed was entered against defendants, the trial court concluding that both parties were on notice that the sales tax was due on the merchandise. Defendants appealed.

*F. Jefferson Ward, Jr., for plaintiff appellees.*

*Bruce H. Robinson, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] First, answering the question raised by plaintiff's cross-assignment of error, there was no error in dismissal of plaintiff's cause of action as trustee for the Secretary of Revenue. Inasmuch as plaintiff previously had paid the tax and penalty assessed, the Secretary has no further claim for which plaintiff, or anyone else, might collect as trustee.

[2] The second, and more important, question is presented by defendants' assignment of error, contending the court erred in ruling that plaintiff could collect the sales tax from defendants. Their position rests solely upon the interpretation of G.S. 105-164.7 which provides:

> Every retailer engaged in the business of selling or delivering or taking orders for the sale or delivery of tangible personal property for storage, use or consumption in this State shall at the time of selling or delivering or taking an order for the sale or delivery of said tangible personal property or collecting the sales price thereof or any part thereof, add to the sales price of such tangible personal property the amount of the tax on the sale thereof and when so added said tax shall constitute a part of such purchase price, shall be a debt from the purchaser to the retailer until paid and shall be recoverable at law in the same manner as other debts. Said tax shall be stated and charged separately from the sales price and shown separately on the retailer's sales records and shall be paid by the purchaser to the retailer as trustee for and on account of the State and the retailer shall be liable for the collection thereof and for its payment to the Secretary and the Retailer's failure to charge to or collect said tax from the purchaser shall not affect such liability. It is the purpose and intent of this Article that the tax herein levied and imposed shall

be added to the sales price of tangible personal property when sold at retail and thereby be born and passed on to the customer, instead of being born by the retailer.

This statute requires the retailer to add the amount of tax at the "time of selling or delivering or taking an order" to the sales price and *"when so added"* the amount of the tax constitutes part of the purchase price and becomes "a *debt* from the purchaser to the retailer until paid." (Emphasis added.) The statute requires, moreover, that the sales tax shall be "stated and charged separately" and "shown separately."

The intent of the law, plaintiff correctly argues, is that the sales tax be passed on to the consumer. *Rent-A-Car Co., Inc. v. Lynch*, 39 N.C. App. 709, 251 S.E. 2d 917, *rev'd on other grounds*, 298 N.C. 559, 259 S.E. 2d 564 (1979). Plaintiff contends, therefore, that the equities should be balanced here to allow recovery of the assessment from defendants. We disagree.

If plaintiff had complied with the statute, and added the amount of sales tax in the manner required, the amount of tax would be a debt on behalf of defendants. However, because plaintiff did not comply with the statute, it cannot now require defendants to pay the tax. Liability to collect the tax is imposed by G.S. 105-164.7 on plaintiff as the retailer. See Rent-A-Car, *supra*. The uncontested facts show that plaintiff retailer did not comply with the requirements of the statute and it must therefore suffer the liability of the taxes imposed.

Reversed.

Judges CLARK and MARTIN (Harry C.) concur.